L. J. Norris, *et al.,* v. Max Schwartz.

153 So. 910.
Opinion Filed March 9, 1934.

*Mitchell D. Price & Chas. W. Zaring* and *Robert S. Florence,* for Appellants;

*J. C. Rowell* and *Louis Heiman,* for Appellee.

LONG, Circuit Judge.—In May, 1924, one Henry Levy and Reuben B. Gryzmish executed a mortgage to Frank Osborn encumbering lands in Dade County, Florida, to secure an indebtedness of two hundred twelve thousand dollars ($212,000.00). Subsequently this mortgage was assigned to a corporation known as Osborn Corporation, and by it assigned to John J. Hayes, who assigned the same to appellee. It appears from the record that at the time of the execution of the mortgage the property encumbered was thirty (30) acres in Dade County, Florida, described as the N½ of Government Lot 1, Section 11, Township 53 South, Range 42 East. By the terms of said mortgage it was provided that in the event the mortgagors should subdivide the property, then the mortgagee would release the lots in the subdivision from the lien of the mortgage on the following basis: Lots fronting on Atlantic Ocean, $7,500.00; on Biscayne Bay, $4,000.00; all interior lots not fronting on the ocean or bay $1,500.00.

The property was subdivided and the lot in controversy is one of the interior lots not fronting on the ocean or bay.

On November 1st, 1931, the mortgage became in default, and was never reinstated. Foreclosure proceedings were brought, and to the bill of complaint appellants filed an answer and amended answer in which, among other things,

they alleged their readiness, willingness and ability to abide by the release provisions in the said mortgage, tendering with the filing of their amended answer the sum of $1,520.00, which tender was put into the registry of the court.

There appears to be but one question to be determined by the Court. That is, the time within which the assignee under the original mortgage has to obtain a release.

From an examination of the release provision it appears that the same is without limit as to time.

Where the mortgage, by its terms, provides for a partial release, such covenant is for the benefit of the mortgagor, and unless the mortgage expressly provides otherwise, the right to such partial release passes with the land.

This Court passed upon the question in deciding the case of Bailey v. Inman, the only distinction being that in the Bailey v. Inman foreclosure, proceedings had not been instituted; therefore, the Court stated in its opinion that the right existed, "at least until foreclosure proceedings were instituted." It was not necessary for the Court to decide at what time the right to partial release would terminate, and its reasoning cannot be construed as the law that the right does not exist after foreclosure proceedings have been commenced.

The covenant of partial release is a covenant running with the land, and, where there is no limit as to time, the right may be exercised at any time before the rights of the mortgagor or one claiming under him are permanently foreclosed. Bailey, et al., v. Inman, et al., 105 Fla. 1, 140 So. 783, and authorities there cited.

The order of the chancellor striking portions of amended answer of appellants is reversed.

DAVIS, C. J., and WHITFIELD, ELLIS, TERRELL and BUFORD, J. J., concur.