FRED FEE, *et ux.,* and AETNA DEVELOPMENT CO. v.
J..G. PEERY and SECOND NATIONAL BANK.

154 So. 140.
Opinion Filed April 16, 1934.

*Fee & Liddon,* for Appellants;

*Sumner & Sumner,* for Appellees.

PER CURIAM.—A series of six notes by Fred Fee and the payment thereof was secured by a purchase money mortgage executed by him. The mortgagee assigned notes 4 and 6 to one J. G. Peery. Notes 2 and 5 were assigned to the Second National Bank. The amounts due on notes 1 and 3 were paid to the mortgagee by Mrs. Fee, the wife of Fred Fee, the mortgagor. Mrs. Fee in the court below, contended that notes 1 and 3 had not been paid by her, for and on behalf of her husband, but that she had become the holder and purchaser of said notes out of her own separate funds. The chancellor held against the claim of purchase and in favor of payment. The evidence on the proposition is conflicting. The appeal is from the final decree.

It appears to this Court, and it is so argued in the brief filed on behalf of Mrs. Fee, that the question was one of fact rather than one of law, whether or not Mrs. Emma M. Fee paid for and on behalf of her husband, or purchased in her own right, the two promissory notes numbered 1 and 3 upon which she based her answer and counterclaim.

The chancellor decided that question of fact against Mrs. Fee's contentions. It has not been made to appear on this appeal that the chancellor's findings are clearly wrong, so they should not be disturbed. Nor is Mrs. Fee entitled to be subrogated to the rights of the mortgagee against her husband, since the chancellor appears to have found that if Mrs. Fee paid the notes, she did so for and on behalf of her

husband in order to assist him. Whyel v. Smith, 101 Fla. 971, 134 Sou. Rep. 552.

The mortgage that was being foreclosed in this case contained a partial release clause reading as follows:

"It is understood and agreed by and between the parties hereto that the said Mortgagee, upon the request at any time of the said Mortgagor, shall release from the operation of this mortgage one or more acres of land hereby secured, upon payment to him by the Mortgagee herein of the sum of Five Hundred ($500.00) Dollars for each acre of land so released, together with the interest on the sum so paid at the time of payment. It is further agreed that the Mortgagee may procure a plat of the above described land, dividing the same into lots and blocks with suitable intersecting streets, avenues, and other public ways, and upon filing of said plat in the public records of St. Lucie County, Florida, the Mortgagor will furnish the Mortgagee with an exact copy or blueprint thereof, and the mortgagee shall thereupon mark upon the lots shown upon said plat the respective amounts at which the same may be released.

"PROVIDED ONLY that the aggregate amount for which all of the lots shall be released shall be equal to the sum remaining unpaid on the total amount secured by this mortgage deed.

"This mortgage is given to secure the balance on the purchase price of the above described property."

By appropriate allegations in an answer jointly interposed by Aetna Development Company and Fred Fee, the benefit of the above partial release clause was claimed and the chancellor was petitioned to allow the defendants to have released from the mortgage certain described property upon which defendants offered to pay the amounts which the court should find necessary to be paid in order to entitle

defendants to invoke the benefit of such release clause. The chancellor granted a motion to strike such portion of the answer evidently on the theory that the right to a partial redemption under the release clause had been lost because the request for release was not made before institution of forclosure proceedings. This was error.

In our recent case of Norris v. Schwartz, 114 Fla. 248, 153 Sou. Rep. 910, we held that the law on the subject of partial redemptions where no time limit is specified, is as follows:

"1. Where the mortgage, by its terms, provides for a partial release, such covenant is for the benefit of the mortgagor, and unless the mortgage expressly provides otherwise, the right to such partial release passes with the land.

"2. The covenant of partial release is a covenant running with the land, and where there is no limit as to time, the right may be exercised at any time before the rights of the mortgagor or one claiming under him are permanently foreclosed."

The decree should therefore be reversed for appropriate revision in the light of what we have held on the subject of defendants' right to pray for the privilege of making a partial redemption to obtain a partial release of the mortgaged lands on making such payments as the chancellor may ascertain and decree should be made in order for defendants to have the benefit of the rule.

Reversed and remanded for appropriate proceedings.

DAVIS, C. J., and WHITFIELD, TERRELL and BUFORD, J. J., concur.