[Civ. No. 15731.   First Dist., Div. One.   Mar. 23, 1954.]

WILLIAM B. CIRIMELE, Appellant, v. GEORGE SHINAZY et al., Respondents.

Thomas L. Bocci, Jr., W. L. A. Calder and Abraham Glicksberg for Appellant.

Fahey, Castagnetto & Gallen and Thomas B. Brown, Jr., for Respondents.

WOOD (Fred B.), J.—Plaintiff as lessor and defendants as lessees executed a written lease of a garage and service station for a term of five years from March 1, 1949, at a rental of $300 per month for the first six months, $325 per month for the next three, $350 per month for the next three, and thereafter $375 per month, defendant paying the last month's rent as a deposit.

In April, 1951, plaintiff filed his complaint herein, alleging that defendants withdrew from occupancy January 1, 1951, owing four months' rent but that they were entitled to a credit of $450, including the amount of the $375 deposit. He also sought a reasonable attorney fee under a clause of the lease which provided therefor in case suit be brought for the recovery of any rent due under the provisions of the lease.

Defendant George Shinazy* pleaded that the terms of the lease had been modified by an executed oral agreement reducing the rental rate during 1950 to $325 per month; that he surrendered possession December 15, 1950, by agreement and with the consent of the plaintiff; and that but $612.50 remained due (after applying the $450 credit and $75 for work done by the defendants) which amount defendants tendered to plaintiff by check accompanying their answer to the complaint.

The trial court found for the defendant on these issues; disallowed plaintiff's claim for attorney fees; gave plaintiff judgment for $612.50; and awarded defendant his costs of suit.

Plaintiff has appealed from the judgment, claiming (1) that the oral agreement reducing the rental rate in 1950 was executed only as to the first eight months of that year, not as to the last three and one-half months of the period of occupancy;† and (2) error in allowing defendant's costs and in disallowing plaintiff's costs and attorney fees, asserting that defendant made neither a tender of payment before commencement of the action nor a deposit in court as provided in section 1025 of the Code of Civil Procedure, nor did defendant make an offer pursuant to the provisions of section 997 of the code.

## I. As to the Modification of the Rental Rate

The parties testified that late in 1949 they orally agreed to reduce the rental rate to $325 per month.

Defendant said they agreed to reduce it by $50 a month during 1950, until he should change to another line of products; that it was not contingent upon his actually making those rental payments; that when he sent plaintiff those $325 checks, the latter received and cashed them and made no objection.

---

*The other defendant, Ralph Shinazy, did not enter an appearance. The record does not indicate that he was served with summons.

†Plaintiff does not now challenge the finding that the lease was terminated December 15 instead of December 31, 1950, as originally claimed by him.

Plaintiff testified: "The only thing I told him [defendant] in 1950 when he was giving me those checks I told him I would knock off $50.00 a month on the rent providing that they should pay me every month, which they didn't live up to"; that when defendant said he could not pay the rent plaintiff replied, "I will give you a break and I will knock off $50.00 a month provided you can pay"; and, "between him and I there was an agreement if he pays me up I would knock off $50.00 a month, but he didn't, so I thought I ought to be entitled to that $50.00 a month more."

The rental payments made in 1950 were as follows: None in January; $325 each in February, March and April; two payments of $325 in May; none in June; $325 each in July and August; $150 in September; $250 in October; none later. Plaintiff applied these moneys to the rent for the period of January to August, inclusive, 1950, crediting the remaining $75 and the $375 deposit against the rent due for the balance of the period of occupancy, which he claims should be computed at the rate stipulated in the lease.

Except as to the first eight months of 1950, these facts do not support a finding that the rate specified in the lease was reduced to $325 by an executed oral agreement. In respect to those eight months the oral agreement was executed by the payments made. (*Julian* v. *Gold*, 214 Cal. 74 [3 P.2d 1009].) It remained unexecuted as to the remaining months of the period in question. (*Stoltenberg* v. *Harveston*, 1 Cal. 2d 264, 266 [34 P.2d 472]; *Taylor* v. *Taylor*, 39 Cal.App.2d 518, 522 [103 P.2d 575].)

Defendant contends that plaintiff could not receive these payments made (pursuant to an oral agreement for a reduced rent), make no objection, assert no claim of right to a higher rate, and thus suffer defendant to continue in possession in the belief that he is doing so upon the basis of $325 instead of $375 per month. He speaks also of "'substantial performance" of the oral agreement for a lower rental, saying that he paid all but $612.50 of the amount which fell due pursuant to the oral modification.

Such an argument reflects a misconception of what is an "executed oral agreement" which, under section 1698 of the Civil Code, may alter a written contract. "An executed contract is one, the object of which is fully performed. All others are executory." (Civ. Code, § 1661.)

The distinction between the actual payment and acceptance of rental installments in reduced amounts pursuant

to an oral agreement and the accrual of further installments which are not actually paid, we find cogently expressed in *Stoltenberg* v. *Harveston, supra,* 1 Cal.2d 264, at 266: "In so far as the payments of rent made under the oral agreement of the parties are concerned, there can be no question that as to those payments actually made and accepted as rent in full for the period covered by them, the oral agreement reducing the rent was executed and no claim for the recovery of rent during the period covered by said payments can be maintained. (*Julian* v. *Gold*, 214 Cal. 74 [3 P.2d 1009].) As to the monthly payments of rent due under said lease and not actually paid by the lessees, a different rule governs. As to such payments the oral agreement to accept amounts less than those called for in the written lease had not been executed. In the case of *Klein Norton Co.* v. *Cohen*, 107 Cal. App. 325, 330 [290 P. 613], it was held that, 'an agreement, in order to be executed, must be fully performed on both sides.' It is further stated in this opinion that, 'This principle is strictly enforced when an attempt is made to set up a modification of a written contract by an oral one under section 1698 of the Civil Code.' "

In the Stoltenberg case the lessee paid and the lessor accepted payments of $300 a month in lieu of the stipulated $625 per month, through April, 1942. In May, the lessee tendered $300 but the lessor refused to accept less than $675, brought an unlawful detainer action against the tenant and prevailed. "Until the amount had been accepted by the landlord as rent for the month for which it was tendered, it could not be said that his oral agreement to lower the rent had been performed by the landlord, and until it was so performed by him he was not bound by its terms." (Pp. 266 and 267 of 1 Cal.2d.)

If by his argument upon this appeal defendant seeks to preclude plaintiff from relying upon the requirements of section 1698, a complete answer is that the element of estoppel was never put in issue.

Defendant did not plead estoppel and there is nothing on the face of the complaint to indicate the existence of any facts upon which an estoppel might be based. (See *Reed* v. *Norman*, 41 Cal.2d 17, 21 [256 P.2d 930], and *Phoenix Mutual L. Ins. Co.* v. *Birkelund*, 29 Cal.2d 352, 363 [175 P.2d 5].)

Also, at the trial the parties by stipulation limited the issues and did not include estoppel as an issue. They stipu-

lated that according to the terms of the lease, $4,425 became due during the year 1950, $350 each for the first three months and $375 each for the last nine months; that defendant paid $2,675 during that year; that he had a credit of $375, paid for the last month of the term as security for performance upon his part, allowable to him only if there was no damage to the premises; and that the following were "the only issues before the court to be determined: (1) whether in fact the oral agreement as to the allowance of $50 under the terms of the lease was actually executed, (2) whether the $375 deposit should be retained by plaintiff in view of his claim that defendant left the premises in disrepair, imposing upon plaintiff the cost of repair,* and (3) the reasonableness of the attorney fees to be allowed the plaintiff.

We conclude, therefore, that the evidence lends no support to the finding that as to the last three and one-half months of defendant's occupancy the rental rate was modified by an executed oral agreement. It would support a finding that during that period rent accrued at the rate of $375 per month. It would support no other finding in that regard. Such a finding would lead to the inevitable conclusion that defendant became and is indebted to plaintiff in the sum of $1,312.50, less the $450 credit, a net of $862.50 instead of $612.50† which the trial court found.

## II. As to Attorney Fee and Costs

The lease provided that "in case suit shall be brought . . ., for the recovery of any rent due under the provisions of this lease, . . . the lessee will pay to the lessor a reasonable attorney's fee which shall be fixed by the judge of the court as part of the costs of such suit."

The trial court found that "counsel fees in this case are neither necessary or reasonable since defendant . . . tendered the full amount due pursuant to the provisions of Section 1025 of the Code of Civil Procedure." This finding was erroneous for several reasons.

Defendant's tender of $612.50 was not a tender of the "full amount" due, as we have seen. Nor was the tender,

---

*The court found against plaintiff on this issue, a finding which he does not now challenge.

†Incidentally, the $612.50 is $75 low even under defendant's theory; possibly the result of an inadvertent inclusion of $75 for work done by defendant, alleged in the answer but not included in the issues specified in the stipulation.

by attaching his check to his answer when filed, made "before the commencement of the action" as required by section 1025. Nor is the allowance of an attorney fee in such a case as this an element of the "costs" which section 1025, if the prescribed tender had been made, would preclude the plaintiff from recovering. ■ Thus, when a promissory note provides for payment of a reasonable attorney fee if the note is collected by suit the amount properly to be allowed for such fee "is a special damage expressly authorized by the contract to be recovered in addition to general damages" and the "rules of pleading require such damages to be specially averred" (*Prescott* v. *Grady*, 91 Cal. 518, 522 [27 P. 755]). (It was so pleaded in this case.) ■ Similarly, where a "statute authorizes the allowance of an attorney's fee, the fee is not technically regarded as part of the costs. (*Schallert-Ganahl L. Co.* v. *Neal*, 94 Cal. 192 [29 P. 622].)" (*Estate of Bevelle*, 81 Cal.App.2d 720, 722 [185 P.2d 90].)

Defendant now concedes that his tender did not meet the requirements of section 1025 but claims it did comply with section 997 of the Code of Civil Procedure. Even if defendant's tender of his check when he filed his answer (which prayed that the "action be dismissed upon the receipt of . . . $612.50 . . . by the plaintiff") were deemed an "offer to allow judgment to be taken against him" for the amount so specified, which is doubtful, section 997 still does not operate to disallow the attorney fee. It provides, merely, that if the plaintiff "fail to obtain a more favorable judgment, he cannot recover costs, but he must pay the defendant's costs from the time of the offer." ■ The attorney fee was not an element of plaintiff's "costs" which section 997 under appropriate circumstances would disallow. Moreover, the judgment to which plaintiff is entitled is "more favorable" than the $612.50 which defendant tendered.

The conclusion is inescapable that plaintiff is entitled to a reasonable attorney fee which, upon remand of the cause, the trial court will fix and determine.

As to the allowance of defendant's costs and the disallowance of plaintiff's costs, no basis therefor is furnished either by section 1025 or by section 997 of the Code of Civil Procedure. The requirements of those sections have not been met, as we have seen.

■ Defendant suggests another basis for disallowance of plaintiff's costs. He invokes the proviso of subdivision (a) of section 1032 of the Code of Civil Procedure as it read

in 1952: ". . . the plaintiff shall not recover costs when the judgment is one which could have been rendered by a municipal or justice [formerly "inferior"] court within the same county . . ." He says that the judgment herein for $612.50 was obviously less than the jurisdictional $1,000 maximum of a Class A justice court in San Mateo County at the time this suit was filed. True, but that was an erroneous judgment and must be reversed. A judgment in the correct amount ($862.50 plus a reasonable attorney fee) may or may not exceed $1,000, depending upon the amount of the attorney fee yet to be fixed. The amount of such a fee, as we have seen, is a part of the damages recoverable, hence must be included in the calculation when determining whether or not the proviso of section 1032 is applicable. (See *Garcia* v. *Ebeling Motor Co.*, 89 Cal.App.2d 688, 694 [201 P.2d 854]; *Holm* v. *Davis*, 8 Cal.App.2d 328, 330 [47 P.2d 537].)

The judgment must be reversed but there is no need for a retrial except to determine the amount of a reasonable attorney fee.

The judgment is reversed with directions that the trial court ascertain and determine the amount of a reasonable attorney fee as a part of plaintiff's damages, amend the findings of fact and conclusions of law in accordance with this decision, including an award of $862.50 (instead of $612.50 and in addition to the attorney fee) for moneys due plaintiff from the defendant, and thereupon to enter judgment in accordance with the findings and conclusions as thus amended.

Peters, P. J., and Bray, J., concurred.