[Civ. No. 16449.   First Dist., Div. One.   June 24, 1955.]

WILLIAM B. CIRIMELE, Appellant, v. GEORGE
SHINAZY, Respondent

W. L. A. Calder and Abraham Glicksberg for Appellant.

Fahey, Castagnetto & Gallen and Thomas B. Gallen for Respondent.

WOOD (Fred B.), J.—This is plaintiff's second appeal in this action for the collection of rent which accrued pursuant to the provisions of a written lease. Upon the first appeal we reversed the judgment with directions that the trial court "ascertain and determine the amount of a reasonable attorney fee as a part of plaintiff's damages, amend the findings of fact and conclusions of law in accordance with this decision, including an award of $862.50 (instead of $612.50 and in addition to the attorney fee) for moneys due plaintiff from the defendant, and thereupon to enter judgment in accordance with the findings and conclusions as thus amended." (*Cirimele* v. *Shinazy,* 124 Cal.App.2d 46, 53 [268 P.2d 210].)

In carrying out these directions the trial court awarded plaintiff the sum of $862.50 plus an attorney fee in the sum of $100 "for the trial of the action."

Plaintiff complains that $100 is so disproportionately small that its award is an abuse of discretion. He asks this court to· fix it in a larger sum. We cannot say, under the circumstances presented, that the trial court did abuse its discretion in this regard; $100 represented 40 per cent of the amount ($250) which plaintiff recovered over and above the amount ($612.50) which the defendant admitted he owed and payment of which he tendered by check when he filed his answer. The issues were not complicated nor was the trial prolonged. (The reporter's transcript upon the first appeal

was only 51 pages in length.)   Plaintiff stresses the fact that a good deal of legal work was caused by defendant's successful motion for change of venue from San Francisco to San Mateo.   That work the trial court well may have considered plaintiff brought upon himself by filing the action in San Francisco despite the fact that the demised premises are situated in San Mateo County and both parties reside in that county. ▮   The "reasonable attorney fee" for which the lease provides in case suit is brought for recovery of rent is not necessarily gauged by the legal services actually rendered. It is limited to reasonable compensation for legal services that are reasonably necessary under the circumstances of a case.

Plaintiff claims that the trial court erred in denying his request for a reasonable attorney's fee in respect to the prosecution of the first appeal. ▮   A contract for a reasonable attorney's fee in enforcing its provisions embraces an allowance for legal services rendered upon appeal as well as during the trial.   (*Hahn* v. *Hahn,* 123 Cal.App.2d 97, 103 [266 P.2d 519].)   Upon the former appeal one of the causes for reversal was the refusal of the trial court to allow attorney fees as provided in the lease, that court acting apparently upon the erroneous theory that such fees would be "costs," not "damages."   Neither in our discussion nor in our order upon the former appeal (124 Cal.App.2d 46, 51-53 [268 P.2d 210]) did we limit the allowance of fees to services for the "trial" of the action, nor did we make any differentiation between those services and legal services rendered upon appeal.   Our direction to the trial court was not intended to be and was not limited in this regard.   That court should have allowed fees in respect to the appeal.   Subsequently, additional legal services have been rendered; i. e., upon the second appeal. ▮   "Under the rule of *Kirk* v. *Culley,* 202 Cal. 501 [261 P. 994], we may find the reasonable value of such attorneys' fees without remanding the cause to the trial court." (*Maurice Mercantile Co.* v. *American Emp. Ins. Co.,* 140 Cal.App. 354, 360 [35 P.2d 1047].   See also *Hahn* v. *Hahn, supra,* 123 Cal. App.2d 97, 103.)   Accordingly, we make the additional and supplemental finding of fact that $75 is a reasonable amount as attorney fee to award and it is awarded to plaintiff in respect to each of the two appeals, a total of $150 for the two appeals. ▮   Plaintiff further claims he should be allowed interest on the amount of rent due ($862.50) from and after December 15, 1950, as the latest possible date that it became due.

Whatever right he may have had to interest prior to judgment should have been claimed not later than his first appeal. He did not mention this subject upon the former appeal. Indeed, it would appear that he did not do so even at the trial. This request for interest comes too late.

▇ With the revision upward which we are making, plaintiff's recovery* will exceed the $1,000 jurisdictional amount of the justice court. Accordingly, section 1032 of the Code of Civil Procedure (as it read in 1952) will no longer operate to preclude an award of costs to plaintiff and he will be entitled to his costs of suit.

The judgment as last amended is further amended by awarding plaintiff $150 additional as attorney fees ($75 for each of the two appeals) and allowance of his costs of suit. As thus amended, the judgment is affirmed. Plaintiff will also, of course, recover his costs upon this appeal.

Peters, P. J., and Bray, J., concurred.

*This includes $862.50 as rent due, $100 as attorney fee for the trial of the action and $75 as attorney fee for the first appeal, aggregating $1,037.50 without necessarily including the attorney fee for the second appeal in ascertaining whether section 1032 precludes costs.