201 So.2d 475 (1967)
EMPRESS HOMES, INC., a Florida Corporation, Appellant,
v.
Milton LEVIN, Annette Nager, Jerry Leibowitz, Joseph Mascioli, Maurice Gruber, William S. Sukenik and Nathan Slewitt, Appellees.
No. 444.
District Court of Appeal of Florida. Fourth District.
July 26, 1967.
*476 Merle Litman and Law Offices of Hulmes and Dreiling, Hollywood, for appellant.
Herbert L. Gildan and Thomas J. Yeager, of Nason & Gildan, West Palm Beach, for appellees.
WALDEN, Chief Justice.
This is a mortgage foreclosure suit. Particularly involved are releases of land sought under the mortgage in default. The trial court dismissed with prejudice defendant's counterclaim for releases in the foreclosure action. It is this order which is here appealed.
Defendant executed a promissory note dated March 15, 1960, in the principle amount of $1,450,000, payable to plaintiffs. This note was secured by a mortgage encumbering 2,094 acres. The note and mortgage were in default from the time the first payment was due and were never in good standing. On June 5, 1964, plaintiffs filed their complaint to foreclose the mortgage. No releases were requested by *477 defendant until it filed counterclaims to the foreclosure action in November and December of 1964.
Defendant contends that it was entitled to have 100 acres of the property released from the encumbrance of the mortgage based upon paragraph 23 of the mortgage deed, which reads as follows:
"TWENTY-THIRD: Mortgagee agrees at any time without additional consideration to release from this mortgage a parcel or parcels of land to the extent of one hundred (100) acres as designated by the Mortgagor in conformance with the release pattern provided for herein."
It is correct, as defendant contends, that release clauses of this sort create vested rights which remain vested even beyond default and may be claimed at any time until a decree of foreclosure is entered. Bailey v. Inman, 1932, 105 Fla. 1, 140 So. 783; Norris v. Schwartz, 1934, 114 Fla. 248, 153 So. 910.
But it is also correct that the absolute right of a mortgagor to a release may be lost if "surrendered by transfer or waiver, or defeated by action or conduct on his part which would make his insistence upon it inequitable." Orlando Orange Groves Co. v. Davenport, 5 Cir.1935, 77 F.2d 148, 150-151. The right is, however, not lost merely because the request for release is not made before institution of foreclosure proceedings. Fee v. Peery, 1934, 114 Fla. 556, 154 So. 140.
The question remains as to whether the trial court, after hearing all the testimony and reviewing the evidence, had sufficient grounds to find a waiver actually occurred. In this connection it must be kept in mind that the reviewing court will not reverse unless the decision is without support in the evidence or is against the manifest weight of the evidence. Maloy, Fla. Appellate Prac. & Proc., § 10.08.
Defendant repeatedly sought extensions of its debt. Plaintiff-Levin testified at length concerning conversations held on those occasions with Mr. Rosenthal, controller for defendant. Mr. Levin testified that Mr. Rosenthal again and again represented that plaintiffs had no need to worry since they "had the security of the entire land," or words to that effect. On at least one occasion Levin told Rosenthal that plaintiffs agreed to extend the debt "in view of the fact that I told them that they would be secure because they weren't losing any land."
Additionally, Levin testified that there had never been any request for releases and "[t]hat very fact was the fact that induced us to make these extensions."
In view of the fact that the record reveals only a single, bare denial by Rosenthal that he had ever told Levin that he (Levin) had all the property as complete security for the mortgage, we cannot say that a finding of waiver is without support in the evidence.
Defendant also claims releases for certain payments made under paragraph thirteenth of the mortgage by virtue of the following language in the promissory note accompanying the mortgage:
"All payments made on this note shall entitle the maker to releases of land as same are provided for in the mortgage pledged as security for the payment hereof."
Suffice to say on this point, that paragraph thirteenth of the mortgage is prefaced by, and conditioned upon, the following:
"THIRTEENTH: Providing this mortgage is in good standing and the Mortgagor is not in default, the Mortgagee agrees * * *" (Emphasis added.)
The proofs clearly indicate that the mortgage was in default from the first payment on and was never in good standing. Therefore, defendant never was entitled to any releases by virtue of the promissory *478 note or the release provisions of paragraph thirteenth.
By reasons of the foregoing, the decree of the trial court must be affirmed, thus constituting the plaintiffs as the successful appellees. As such they have filed with this court a motion for attorneys' fees incurred in and as a consequence of this appeal.
The mortgage in the instant case contained a provision that the mortgagor would pay to the mortgagee "all costs * * * including reasonable attorneys' fees," which the mortgagee might incur "in collecting any sum secured, whether by foreclosure or otherwise."
The issue then is whether a contractual provision for attorneys' fees contained in a mortgage includes an allowance for legal services rendered upon appellate review.
Several Florida decisions have considered the propriety of conditioning a supersedeas bond upon payment of attorneys' fees at the appellate level. Those decisions, most notably Bernstein v. Bernstein, Fla. 1949, 43 So.2d 356; Larson v. Higginbotham, Fla. 1953, 66 So.2d 40, and Luckhardt v. Pardieck, Fla.App. 1962, 142 So.2d 749, held that it is improper to require such a condition in a supersedeas bond issued pursuant to F.S.A. § 59.13, which section does not mention attorneys' fees.
The Luckhardt decision was replied upon by the court in John T. Wood Homes, Inc. v. Air Control Products, Inc., Fla.App. 1965, 177 So.2d 709. In that case attorney's fees were sought on appeal under a provision of F.S.A. § 84.291, part of the Mechanics Lien Law. The court, in dicta, analogized the above-cited statute to the wording in a promissory note. But we have found no authority in Florida directly on the point here presented. No case has considered the award of attorney's fees on appeal wholly apart from statutory provisions.
"It is a cardinal rule in the construction of contracts that the intention of the parties thereto is to govern." 7 Fla. Jur., Contracts § 75. Based upon this rule, it would appear to this court to be within the contemplation of the parties to the mortgage and promissory note that a provision for "reasonable attorneys' fees" would include such fees for services on appeal. Nothing in that provision spells out, or even hints at, a distinction between attorney's fees at the trial level and attorney's fees on appeal.
The Supreme Court of Washington, when faced with the identical issue which is here presented, reasoned in Puget Sound Mutual Savings Bank v. Lillions, 1957, 50 Wash.2d 799, 314 P.2d 935, 940 as follows:
"An appeal having been taken, the decree of foreclosure, entered by the trial court, is neither effective nor final until affirmed by this court."
"When a note and mortgage contain contractual provisions such as we are considering, we believe they indicate that the parties contemplated that the mortgagee would be entitled to the allowance of a reasonable attorney's fee for all legal services required to prosecute the foreclosure to its ultimate conclusion, should foreclosure be necessary. This would include the right to a fee for the defense or prosecution of an appeal to this court. Such a fee is as much a part of the obligation of the contract as any other part. See Commercial State Bank v. Curtis, 1941, 7 Wash.2d 296, 298, 109 P.2d 558."
Not only would denial of attorney's fees on appeal be contrary to the intention of the parties to the note and mortgage, but denial would defeat the very purpose of such a provision.
"The purpose of a provision for attorney's fees in a promissory note is to indemnify the creditor against the necessity of paying an attorney's fee, and to enable him to recover the full amount of his debt without deduction for legal expenses." (Citations omitted.) Hahn v. *479 Hahn, 1954, 123 Cal. App.2d 97, 266 P.2d 519, 523.
The weight of recent authority is also in agreement that a contract clause for a reasonable attorney's fee in enforcing its provisions embraces an allowance for legal services rendered upon appeal as well as during the trial. Cirimele v. Shinazy, 1955, 134 Cal. App.2d 50, 285 P.2d 311, 52 A.L.R.2d 860; Steele v. Vanderslice, 1961, 90 Ariz. 277, 367 P.2d 636. See also, 52 A.L.R.2d 863.
We find this reasoning to be compelling in terms of both logic and justice. Therefore, we grant appellees' motion for attorney's fees on appeal in the amount of $500.00.
The trial court's decree is
Affirmed.
ANDREWS, J., and McDONALD, PARKER LEE, Associate Judge, concur.