**Eugene W. LAMBERT, Sr., and wife, Bonnie D. Lambert, Appellants,**

v.

**Joe E. JONES and Mid-South Title Company, Inc., Appellees.**

Court of Appeals of Tennessee, Western Section.

April 30, 1976.
Certiorari Denied by Supreme Court Aug. 16, 1976.

Joe W. Darden, Longstreet Heiskell, Memphis, for appellants.

Hal Gerber, Joe B. Jones, Memphis, for appellees.

NEARN, Judge.

Plaintiffs Eugene W. Lambert and wife Bonnie D. Lambert are the makers of a set of purchase money notes secured by a trust deed on real property which trust deed and notes were executed on September 20, 1972. Defendant Joe E. Jones is the owner of the notes and trust deed executed by plaintiffs, having purchased same from Aaron and Mary P. Willey, the former owners of the real estate and original owners of the trust deed and notes. Mid-South Title Company is a nominal defendant only, as it is named as trustee in the mentioned trust deed and will not hereafter be considered.

In the trust deed securing the purchase money notes, the Lamberts reserved a partial release privilege and that privilege is what the case is all about. The privilege as found in the trust deed is as follows:

"The privilege is reserved and given so that the parties of the first part, their heirs, or assigns, may at any time subsequent to January 1, 1973, and from time to time, obtain a release or releases from the lien of this deed of trust of part or parts of the aforedescribed real property upon payment to the owner and holder of the indebtedness secured hereby, either by way of obligatory payments or by way of prepayments, of the sum of $1,500.00 per acre to be released; provided, however, that no release tract shall contain less than 10 acres; provided further, however, that each release tract subsequent to the first tract released shall be contiguous to a tract previously released; provided further, however, that all accrued interest upon any principal sum paid pursuant to this release clause shall be paid at the time of such payment; and provided further, however, that the release payments shall apply upon the next maturing note or notes secured hereby."

The property purchased by the plaintiffs was unimproved land. When the first note came due it was paid, and no request for a partial release was made. By the time the second note came due, October 15, 1974, plaintiffs had commenced a plan of development for a portion of the tract for apartment purposes. Plans had been drawn and loan commitments obtained. When payment of the second note was tendered to Jones, there was also submitted to Jones a partial release deed which on its face conformed to the terms of the partial release privilege in that it released the appropriate number of acres for the proper dollar amount. However, the acreage sought to be released was carved out of what Jones believed to be the most valuable portion of the tract. Believing that if the release deed were signed, he, Jones, would be left with land inadequate in value to secure the balance owed, Jones refused to sign. The Lamberts refused to pay. Jones commenced foreclosure proceedings. The Lamberts filed their complaint with the Chancellor seeking (1) a temporary injunction to halt the foreclosure, (2) an order requiring Jones to release under the terms of the partial release provisions and (3) damages caused by Jones' refusal. The amount then due on the notes was tendered into Court with the filing of the complaint. The Chan-

cellor temporarily enjoined the foreclosure, and the matter came on to be heard before the Chancellor and a jury.

At the close of the plaintiff's proof the Chancellor directed a verdict for the defendant. He held "that the provision in the trust deed granting the plaintiffs the right to select acreage to be released upon partial payment of the debt is so ambiguous as to enable the plaintiffs to take an unconscionable advantage of the defendant and is therefore unenforceable."

The Assignments of Error are to the effect the Chancellor erred in so holding.

In his findings of fact and conclusions of law, the Chancellor wrote as follows:

"The cases on this point are annotated in 41 A.L.R.3rd beginning at page 7.

"The Annotation at page 19, has this to say:

'Problems in connection with the identification or designation of those portions of mortgaged premises to be released in accordance with a partial release provision have usually centered on the issue of whether or not the provision in question was sufficiently definite and certain with respect to its description of the portions intended to be released or releasable to enable a court to direct specific performance thereof. Broadly speaking, it would seem that the courts have, in most cases, been astute in construing clauses containing ambiguous or uncertain property designations or descriptions seeking thereby to insure that neither party to the mortgage or other security instrument containing such clause should by reason of such an ambiguity or uncertainty, secure an unconscionable advantage over the other.'

"Applying this principle to the facts herein it appears from the phrase authorizing release 'of part or parts of the aforedescribed real property' it is limited only by the limitation of a minimum of ten (10) acres and the second or any later part released had to be contiguous to a tract previously released.

"Since the release sought in this case is the first, the question of contiguity is not involved.

"An acre is a measurement of quantity without reference to shape or dimension, and, while in this case the part sought to be released is generally rectangular, there is no prohibition in the release as to location or dimension. It is argued by Defendant's counsel that the Plaintiff could have demanded a strip along the highway and left the Defendant without any access to a road.

"Applying the further test of whether or not the instrument contained such an ambiguity or uncertainty as would enable the mortgagor to obtain an unconscionable advantage over the mortgagee it will be seen that, under the facts as they existed on October 15, 1974, it surely did do so.

"While the testimony indicates a different picture, the action of Jones at the time in question has to be viewed in the light of the facts then known to him.

"In the first place, the release covered the most valuable part of the land. The north end had some potential value, but the south end had no real value except as an adjunct to the contemplated improvements by Lambert."

The prime issue before this Court, as indicated in the Chancellor's findings and in the briefs filed, is whether a partial release agreement which gives to the mortgagor the right to select which part of the property is to be released, is unenforceable for uncertainty as a matter of law when all other conditions as set forth in the agreement are met.

We hold that such agreements are not as a matter of law uncertain and unenforceable.

The Chancellor was seemingly impressed with the case of *Lawrence v. Shutt* (1969) 269 Cal.App.2d 749, 75 Cal.Rptr. 533, and found mentioned in the annotated cases dealing with the subject Mortgage-Partial Release Provisions reported in 41 A.L.R.3rd 7. While *Shutt* may or may not be the law of California, we hold it is not expressive of

what the law is or should be of this state. We use the conditional in describing *Shutt* for we note that it is an Opinion of the Court of Appeals and appears to be apposite to an earlier California Court of Appeals case to which it makes no reference whatsoever, i. e., *Sacramento Suburban Fruit Lands Co. v. Whaley* (1920) 50 Cal.App. 125, 194 P. 1054. In addition we note the release agreement in *Shutt* is both lengthy and quite specific as to the description of the property to be released; yet the California Court holds the description to be uncertain and fails to point out where lies the uncertainty.

It seems to us to be the ruling in California that unless the release agreement itself contains a metes and bounds description of the land to be released, it is unenforceable. We do not choose to follow the lead of the California Court of Appeals.

It is self-evident truth that security agreements are for the benefit of the mortgagee and partial release agreements are for the benefit of the mortgagor. The borrower has no need for a mortgage which in fact is a burden to him and only has need for a partial release agreement when the lender is granted security. The lender has no need at all for a partial release agreement and is better off without one. Reason impels one to the conclusion that partial release clauses are bargained for by the borrower and are paid for by him in one manner or the other. Therefore, we see no reason in law or in fact for such clauses to be construed as if they were designed to protect the lender. The case of *Galbraith v. Roddy* (1934 E.S.) 19 Tenn.App. 572, 92 S.W.2d 419, is strongly supportive of this reasoning.

Simply because the result of permitting the borrower to obtain what he evidently bargained to obtain, (the right to select any part released from the mortgage his heart may desire) will seemingly cause harsh results to the lender, is no cause to declare the agreement unenforceable.[1] See *Gal-*

braith *v. Roddy,* supra; *Bailey v. Union Planters Title Guaranty* (1949 W.S.) 33 Tenn.App. 439, 232 S.W.2d 309. It may be that the borrower harshly paid for that privilege.

We do not believe that the release agreement before us is so indefinite in description of the land to be conveyed (released) that the agreement is unenforceable. If the agreement itself shows that some particular tract was intended, then the release deed is admissible to show the location and boundaries of the tract mentioned. *Dobson v. Litton* (1868) 45 Tenn. 616. The fact that the tract to be released must be found in the total acreage mortgaged is not of itself a showing that a particular part thereof was intended. But, when the lender agrees that whatever the borrower may choose or intend be released will be released, he also agrees that the lender's intention as to the particular part to be released will be considered the same as that of the borrower and he should not be heard to say otherwise. The tract chosen under those circumstances by the borrower *is* the tract intended.

Provided the borrower's choice meets all other requirements of the agreement, absent a showing of fraud, mistake or some other equitable defense other than harsh results, the lender may not deny that choice. If the lender may not; certainly the lender's assignee may not.

The Chancellor erred in directing a verdict for the defendant and the cause is remanded for a new trial.

Costs are adjudged against the appellee.

CARNEY, P. J., and MATHERNE, J., concur.

---

1. We note a dearth of authority for the proposition that a mortgage which contains no partial release provision is unenforceable because of harsh or unconscionable results to the borrower.