347 So.2d 759 (1977)
Wayne D. BOYETTE, D. Huey Boyette and Virginia Boyette, Appellants,
v.
John T. CARDEN, Appellee.
No. CC-456.
District Court of Appeal of Florida, First District.
June 21, 1977.
Ernest A. Sellers of Airth, Sellers, Lewis, Cherry & Blair, Live Oak, for appellants.
W.C. O'Neal of Chandler, O'Neal, Gray, Lang & Haswell, Gainesville, John W. Frost, II, Bartow, Terry McDavid, Lake City, Robert S. Yerkes, Jacksonville, for appellee.
*760 ERVIN, Judge.
This is an appeal by the Boyettes seeking review of final judgment of foreclosure granted in favor of cross-claimant, Ralston Purina Company. In July, 1970, the Boyettes owed Ralston $113,000.00 on an unsecured open line of credit. Appellants sought additional credit of $60,000.00, of which $35,000.00 was to be used to buy birds on the Thacker, Witt and Columbia Egg Farms. The remaining $25,000.00 was for the purchase of feed from Ralston for the additional birds. Before advancing the additional $60,000.00, Ralston required a mortgage on the appellants' 640 acre farm. The appellants alleged in their answer, and testified at the hearing, that they were willing to give the mortgage on the farm if it was used to secure only the $60,000.00 financed.
The mortgage, executed July 28, 1970, by its terms specifically secured the payment of one pre-existing unsecured debt, a promissory note dated April 13, 1970 in the principal amount of $61,540.00 and a promissory note executed July 28, 1970 in the principal sum of $35,000.00. The mortgage also secured the payment of any and all notes, liabilities and obligations of the mortgagors to the mortgagee, whether in existence at the time of the execution or accruing subsequently, not to exceed $173,000.00 in the aggregate.
On May 21, 1971, foreclosure proceedings were instituted against appellants by John T. Carden. Later a cross-claim was filed by Ralston seeking foreclosure of its mortgage. The final judgment foreclosed the lien of Ralston on the total indebtedness of appellants, totaling $172,632.40. The court also found $20,000.00 was a reasonable attorney's fee for Ralston's attorney. Subordinate liens were established in favor of John T. Carden, the Internal Revenue Service and the Small Business Administration, which are not parties to this appeal.
The Boyettes argue that the court erred in holding they were not entitled to a release of the mortgage foreclosed upon since they offered payment on the remaining balance of the finance and feed account of poultry on the Columbia Egg Farm, the Witt Farm and the Thacker Farm. The evidence at trial showed that appellants refused to sign the mortgage unless Mr. Hamm, sales representative for Ralston, gave them a letter stating that the mortgage would be released upon payment of the additional $60,000.00 borrowed. The record is not clear whether the appellants were represented by counsel. They state that they relied upon the letter rather than the wording of the mortgage. The letter, dated the day before the execution of the mortgage, states as follows:
"This letter is to confirm our verbal agreement this date, concerning financing of layers located on Columbia Egg Farm in Columbia County, Florida, Whitt Farm in Bradford County, Florida and the Thacker Farm in Alachua County, Florida.
Purina would record a third mortgage executed by Boyette Brothers, Inc. and by D. Huey Boyette, Wayne D. Boyette and their wives. Purina would pay half of all recording fees, including documentary stamps, if birds are resold within sixty (60) days. Purina further agrees to release the third mortgage when payment is received clearing the Finance and Feed account on the above described poultry.

Purina would send the balance of this payment to Boyette Brothers, Inc. Any additional egg assignment proceeds would be applied to Boyette Brothers, Inc. or Columbia Feed & Grain account.
If birds are not resold, Purina would expect Boyette Brothers, Inc. to refund to Purina the amount paid by Purina for recording fees and documentary stamps on the above described mortgage." (Emphasis supplied.)
Although the letter refers to a third mortgage, it is clear from the record that there were no other mortgages from the Boyettes to Ralston prior to the execution of the mortgage on July 28, 1970. The "third" mortgage obviously refers to the only mortgage which the Boyettes are obligated to Ralston and the "finance and feed account" *761 means simply the additional $60,000.00 amount used to purchase birds and feed.
Ralston has never argued that it was not the intent of the parties, as evidenced by the letter, to release the Boyettes from the remainder of the mortgage provided tender of payment was made prior to the institution of the suit. Ralston argues that the Boyettes, not having paid either the remaining balance of $50,551.23 due on the subsequent loan, or having demonstrated any offer of tender, the release clause referred to in the letter is not an appropriate issue. There has been no argument advanced by Ralston that the parol evidence rule applies to vitiate any consideration of the letter involved. On the contrary, the rule is that where other instruments are executed contemporaneously with a mortgage and are part of the same transaction, a mortgage may be modified by other instruments and all the documents are to be read together to determine and give effect to the intention of the parties. Conner Air Lines, Inc. v. Aviation Credit Corp., 280 F.2d 895 (5th Cir.1960). This rule of construction generally applies where the note and mortgage are inconsistent. Graham v. Fitts, 53 Fla. 1046, 43 So. 512 (1907). The primary rule of construction of a mortgage is to ascertain the intention of the parties, which is accomplished not only from the face of the instrument but also from the situation of the parties and the nature and object of the transactions. Watson v. Poe, 203 So.2d 14 (Fla. 4th DCA 1967).
A mortgage clause, such as the one involved here, making the mortgage a lien on all sums of money due at the time of execution or thereafter becoming due, is known as a "dragnet" clause and should be strictly construed against the party preparing the instrument. United States v. American National Bank of Jacksonville, 255 F.2d 504 (5th Cir.1958). Such a mortgage is also referred to as a "blanket" mortgage and may be enforced for whatever sum the holder of the mortgage may prove to be due and payable. 59 C.J.S. Mortgages § 165 (1949).
Applying these principles to the mortgage before us, the record amply shows it was the intention of the parties to abide by the terms of the letter from Ralston's sales representative dated July 27, 1970, provided payment was made. We therefore construe the release clause contained in the letter as an effective part of the mortgage by which the parties were bound. In order to satisfy the requirements of payment under the letter, however, what mode of payment or tender is necessary for the release clause to become operative? Ralston argues that since tender was not made prior to institution of the suit, the Boyettes now have waived any rights they might have to complain about the release clause contained in the letter. Ralston cites a number of cases which hold it is necessary for the mortgagor to tender payment prior to the institution of a foreclosure action. E.g., Matthews v. Lindsay, 20 Fla. 962 (1884); Fegers v. Pompano Farms, 104 Fla. 123, 139 So. 201 (1932); New England M.L. Ins. Co. v. Luxury Home Bldrs., Inc., 311 So.2d 160 (Fla. 3rd DCA 1975). None of the above cases, however, involved as does ours a release clause. It appears from the testimony of both Norman L. Chase, credit manager for Ralston of Florida and Wayne D. Boyette that an offer was made to pay the remaining indebtedness on the $60,000.00 note after the lawsuit had been filed. The offer was not accepted. The Boyettes did not forfeit their right to offer payment and seek release of the mortgage simply because the offer was not made until after suit had been filed. In Empress Homes, Inc. v. Levin, 201 So.2d 475 (Fla. 4th DCA 1967), the mortgage sought to be foreclosed contained a release from the mortgage of certain parcels of property in conformity with a release schedule. The court stated the general rule to be applied in construing the rights of a mortgagor under a release clause as follows:
"It is correct, as defendant contends, that release clauses of this sort create vested rights which remain vested even beyond default and may be claimed at *762 any time until a decree of foreclosure is entered. Bailey v. Inman, 1932, 105 Fla. 1, 140 So. 783; Norris v. Schwartz, 1934, 114 Fla. 248, 153 So. 910." 201 So.2d at 477. (Emphasis supplied.)
It was therefore error for the lower court not to consider the Boyettes' offer of payment made after default and after foreclosure proceedings were brought.
We deem it appropriate to discuss the Boyettes' second point pertaining to the award of attorney's fees in the event the mortgage is ultimately foreclosed. The Boyettes complain that the court erred in awarding attorney's fees to Ralston's attorney on the ground that there was only the testimony of its attorney relating to the value of his services. The law is clear that in the absence of a stipulation, there must be corroborative evidence of the reasonableness of the fee before an award is justified. E.g., Lyle v. Lyle, 167 So.2d 256 (Fla. 2nd DCA 1964); Thoni v. Thoni, 179 So.2d 420 (Fla. 3rd DCA 1965); Boyette v. Reliable Finance Co., 184 So.2d 200 (Fla. 2nd DCA 1966).
This cause is remanded to the trial court for further proceedings not inconsistent with this opinion.
BOYER, C.J., and MILLS, J., concur.