McCORD, Chief Judge.
This is an appeal from a final judgment of foreclosure entered in favor of appellee, plaintiff below. We affirm.
This suit was brought by appellee Bank to foreclose a real estate mortgage as security for a note executed with the mortgage and two additional subsequently executed notes. The mortgage is the type known as an open-end mortgage authorized by § 697.-04, Florida Statutes. The mortgage contains the following future advance or open-end provision:
“And the Mortgagor further agrees as part of the consideration of this mortgage, and that this mortgage shall also secure (in an amount not exceeding in the aggregate at any time $258,400 DOLLARS,) such further sum as the Mortgagor may hereafter and before the foreclosure of this mortgage, owe or be due to the said Mortgagee, its successors, heirs, or assigns; . . . .’’
The original note for the principal amount of $150,000 was executed by appellant’s predecessor in interest, Evans & Mitchell, Inc. (hereinafter referred to as E & M), for the purchase of property for a project called the Sandestin Development. Subsequently, in 1973, E & M borrowed $44,000 from the Bank executing one of the Bank’s open note forms. The proceeds of that note were used by E & M to purchase a condominium for E & M’s resident manager. In 1974, E & M executed a third note to the Bank on the same type form for an open line of credit of $100,000 to provide interim funding for the Sandestin development. Neither of the two subsequent notes made reference to the previous mortgage. Appellee Bank’s president testified, however, that he and E & M’s treasurer agreed to rely on the open-end feature of the mortgage to secure the two additional loans.
The Sandestin venture failed, and E & M declared bankruptcy. The referee in bankruptcy entered an order abandoning the property to appellant, and appellee Bank then brought this foreclosure action alleging that all three notes were secured by the original mortgage because of the open-end provision. Upon final hearing, the trial court entered final judgment of foreclosure on all three notes in the amount of $218,744.49 plus interest, attorneys fees and court costs — all totaling $311,165.79. Appellant contends that since the two subsequent notes contained no reference to any security, they are not subject to the open-end provision contained in the mortgage. We disagree. The above-mentioned statute governing open-end mortgages (§ 697.04, Fla.Stat.) contains no requirement that sub *91 sequent notes make reference to the security of the mortgage. The intention of the parties is the key factor to be considered in determining whether or not subsequent notes are secured by an open-end mortgage. Compare Boyette v. Carden, 347 So.2d 759 (Fla. 1st DCA 1977). There was competent substantial evidence before the trial court to support its conclusion that the parties intended the two subsequent notes to be secured by the mortgage. They related to the same transaction as the original note and mortgage. As recognized in Industrial Supply Corp. v. Bricker, 306 So.2d 133 (Fla. 2nd DCA 1975):
“The obligation secured by a mortgage for future advances is the single binding promise of the mortgagor made at the outset of the transaction to repay all advances within the scope of the agreement which are actually made then and at a later time.” (Emphasis supplied).
We have considered appellant’s remaining point and find it to be without merit.
AFFIRMED.
ERVIN and MELVIN, JJ., concur.