Mildred P. HORNE

v.

E. B. PAYNE, Sr. and J. P.
Stanley, Trustees,

and

Union Protective Life Insurance
Company.

Supreme Court of Tennessee.

Sept. 4, 1979.

Clay N. Saunders, Memphis, for petitioner; Pittman, Clay, Morgan, Gilliland & Saunders, Memphis, of counsel.

Erich W. Merrill, Memphis, for respondents.

## OPINION

BROCK, Chief Justice.

In February, 1974, the petitioner, Mildred P. Horne, joined in a deed of trust executed by her son, Onzie O. Horne, Jr., and his wife, Doris Horne, which was given to secure an indebtedness in the sum of $79,073.72 owed by Onzie O. Horne, Jr., to Union Protective Life Insurance Company. Petitioner, Mrs. Horne, did not assume the indebtedness of her son but merely pledged her home, a house and lot located at 1602 South Parkway East in Memphis, as a part

**102**

of the security for that indebtedness. The deed of trust also included three parcels of land owned by Onzie O. Horne, Jr., and his wife, Doris Horne. Trustees under the deed of trust were E. B. Payne, Sr., and J. P. Stanley, respondents herein.

The deed of trust was in the customary form and contained the provisions usually found in such documents but, in addition, contained an addendum which, in pertinent part, provided as follows:

"Mortgagor shall have the right to have any of the foregoing parcels released from the lien of this deed of trust by a partial release, if he should sell such parcel, upon payment to the mortgagee of the balance due with respect to such parcel. The following balances are now due with respect to each parcel:

(1) 1602 South Parkway East, $19,879.09,

(2) . . . A pro rata portion, based on such balances, of each principal payment hereinafter made on the note secured hereby shall be credited toward reduction of the balance due with respect to each parcel for this purpose . . . ."

Payments were made upon the promissory note secured by said deed of trust until July, 1975. Thereafter, Onzie O. Horne, Jr., defaulted in making the payments required by the note and deed of trust and the trustees began publication of foreclosure notice on November 26, 1975. However, the foreclosure was delayed by the filing of a petition of bankruptcy by Onzie O. Horne, Jr., and his wife. In May, 1976, the bankruptcy court granted permission for the foreclosure to continue and the properties were again advertised for sale by foreclosure in June, 1976.

After publication of these foreclosure notices, but prior to foreclosure sale, the petitioner, Mildred P. Horne, in August, 1976, procured a bona fide purchaser for her property at 1602 South Parkway East and tendered to the trustees payment of the sum required by the addendum clause for release of her property under the partial release provisions of the addendum to the deed of trust. The beneficiary under the deed of trust, Union Protective Life Insurance Company, and the respondent trustees refused to accept the tender and demand for partial release.

The petitioner immediately filed suit in the Chancery Court seeking to restrain further foreclosure proceedings against her property and praying for a decree requiring that she be granted the rights provided for partial release under the addendum clause. The Chancellor granted an injunction against foreclosure and entered a final decree approving the proposed sale of her property by the petitioner and a release of her property from the lien of the deed of trust.

The beneficiary and trustees appealed to the Court of Appeals asserting (1) that the Chancellor erred in holding that the petitioner was entitled to a partial release under the addendum clause after a foreclosure had begun and (2) that the Chancellor erred in holding that the proposed sale by the petitioner of her property at 1602 South Parkway East to Mr. Forrest Hamilton was a bona fide sale. The Court of Appeals pretermitted the second issue but decided the first in favor of the appellants, holding that the right of partial release under the addendum to the deed of trust was terminated by the beginning of the out of court foreclosure proceeding. This Court granted the property owner's petition for certiorari review.

The respondents have filed a cross assignment of error preserving the issue pretermitted by the Court of Appeals, viz., that the Chancellor erred in holding that the property owner, Mrs. Horne, had procured a bona fide purchaser of her property at 1602 South Parkway East. We have considered this assignment of error and reached the conclusion that the evidence supports the finding and determination by the Chancellor that the proposed sale to Forrest Hamilton was a bona fide one and, therefore, sufficient to entitle Mrs. Horne to have her property released from the deed of trust upon compliance with the other requirements of the addendum clause. The

fact that Mr. Hamilton was a "friendly buyer" who did not intend to personally reside in the property is of no consequence and does not remove the proposed sale from the bona fide class.

 The principal issue presented is whether the commencement of proceedings for foreclosure by the exercise of a power of sale, as provided in the deed of trust, terminated the right of an owner of property covered by the deed of trust to have that property released under a partial release provision upon tender of payment of the sum allocable to that particular piece of property, plus accumulated interest and costs, provided the tender is made prior to an actual foreclosure sale. We conclude that in such a case the right of partial release is not thus terminated.

It is the general rule that, unless the contract provides to the contrary, an owner of property subject to a mortgage or deed of trust may exercise a right of partial release set out in the mortgage or trust instrument, even though default has occurred and foreclosure proceedings have been commenced. *Fidelity Mortgage Investors v. Louisiana Pur. Corp.,* La.App., 297 So.2d 772 (1974); *Empress Homes, Inc. v. Levin,* Fla.App., 201 So.2d 475 (1967); *Norris v. Schwartz,* 114 Fla. 248, 153 So. 910 (1934); *Gammel v. Goode,* 103 Iowa 301, 72 N.W. 531 (1897); *Sacramento Suburban Fruit Lands Co. v. Whaley,* 50 Cal.App. 125, 194 P. 1054 (1920); Annot., Mortgage—Partial Release Provisions, 41 A.L.R.3d 67 et seq. (1972). *See also, Lambert v. Jones,* Tenn.App., 540 S.W.2d 256 (1976). This rule is a fair and just one which we approve. To hold to the contrary would amount to our adding an important limitation to the right of partial release which the parties themselves had not agreed to.

The Court of Appeals relied upon *Lee v. Security Bank & Trust Co.,* 124 Tenn. 582, 139 S.W. 690 (1911). That case, however, did not deal with a provision for partial release of mortgaged property and, thus, is not in our view, authority contrary to our decision herein.

The petitioner, Mildred Horne, tendered performance of every condition required of her to be entitled to have her property released from the lien of the deed of trust; the Chancellor was correct in awarding her relief. We, therefore, reverse the judgment of the Court of Appeals and affirm that of the Chancery Court. Costs are taxed against the respondents. The cause is remanded to the Chancery Court for such further action as may be proper in the premises and is in conformity with the conclusions expressed in this opinion.

FONES, COOPER, HENRY and HARBISON, JJ., concur.