THOMAS, P., Associate Judge.
The appellants, Joseph and Mary Gardner, are judgment creditors in a mortgage foreclosure action against Max and Mary Mustard. The Gardners challenge the trial court’s determination of the priority of their judgment lien in the foreclosure action. We reverse.
In November of 1990, the Mustards executed a mortgage on their property in Putnam County to Barnett Bank (not a party to this action) to secure payment of a $50,050 note. This mortgage is an open-ended mortgage authorized by section 697.04, Florida Statutes, and contains a future advance clause which states as follows:
This mortgage is given to secure not only existing indebtedness, but also such future advances, whether such advances are obligatory or are to be made at the option of the Mortgagee, or otherwise, and are made within fifteen years from the date thereof, to the same extent as if such future advances were made on the date of the execution of this Mortgage. The total amount of indebtedness that may be so secured may decrease or increase from time to time, but the total unpaid balance so secured'at one time shall not exceed twice the face amount of the Note,-plus interest thereon, and any disbursements made for the payment of taxes, levies or insurance on the Mortgaged Property, with interest on such disbursements, at the Default Rate, as hereafter defined.
In July of 1991, the Mustards borrowed another $60,000 from Barnett Bank. The collateral for this loan as indicated in the promissory note consisted of “Various Autos and Equipment per Security Agreement of even date herewith.” The security agreement described two motor vehicles, a tractor, a bulldozer and a grader. There was no mention of, or reference to, the November 1990 mortgage in either the note or the security agreement.
In November, 1993, the Gardners obtained a judgment against the Mustards for $27,506 and recorded it in the official records of Putnam County.
In June, 1996, with the Mustards in default on both their loans from Barnett Bank, the Mustards and the bank entered into a transaction that attempted to cross-default and cross-collateralize the November 1990 mortgage note and the July 1991 promissory note. Further, in this transaction, the bank, pursuant to a third promissory note, loaned the Mustards an additional sum of money to pay accrued interest and late charges on the prior loans. Various documents were executed in connection with this transaction including an “Amendment to Security Agreement,” a “Renewal Promissory Note,” a “Future Advance Promissory Note,” and a “Note and Mortgage Modification Agreement Evidencing Future Advance and Renewal Note.”
In October 1996, Barnett Bank assigned all the loan documents described above to James Guldi. Guldi instituted foreclosure proceedings against the Mustards in which he asserted that the Gardners’ judgment lien was inferior and subordinate to all of his liens. The Gardners argued that the July 1991 promissory note and the June 1996 promissory note were not true future advances and therefore were not secured by a lien superior to their judgment lien against the Mustards’ ’ property.
A one-day bench trial was held in which a bank representative testified that he considered the July 1991 loan and the June 1996 loan to be future advances under the original November 1990 mortgage. He further testified that the purpose of the June 1996 documents was to cross-default and eross-eollat-eralize the three loans, while giving Mr. Mustard additional time in which to sell his *188 property. This witness admitted, however, that he was not part of the July 1991 transaction between the Mustards and Barnett Bank and did not know if, at that time, the July 1991 .transaction was in fact intended to be a future advance on the November 1990 mortgage.
Max Mustard testified that while he attempted to obtain a second loan for $60,000 with Barnett in July 1991, by using his land as collateral, the bank’s representative would not let him. Instead the bank’s representative indicated to Mustard that the bank needed collateral, different from the Mustards’ land. Mustard further testified that in July 1991, there was no agreement between himself and the bank to tie the July 1991 note to the November 1990 mortgage.
In entering its final judgment of foreclosure, the trial court determined that the November 1990 note and the July 1991 promissory note had priority over the Gardners’ judgment lien, thereby determining the July 1991 note to be a future advance under the terms of the November 1990 mortgage. The trial court further determined that the June 1996 note was not a future advance.[1] The Gardners appeal the trial court’s determination that the July 1991 promissory note was a future advance under the November 1990 mortgage.
The intention of the parties is the key factor to be considered in determining whether or not subsequent notes are secured by an open ended mortgage. Cabot, Cabot & Forbes Land Trust v. First National Bank of Fort Walton Beach, 369 So.2d 89 (Fla. 1st DCA 1979). The question of the parties’ intentions is not fully settled when the mortgage recites that future advances may also be secured as it does in the instant case. A second question of intention arises with re-, gard to whether a subsequent loan was intended to come within the future advance capacity previously established. See Edwin L. Ford, Future Advance Financing in Florida, Fla. B. J., Mar. 1989. There are two types of evidence that would be sufficient to demonstrate that the parties in fact intended the later advance to be secured by the mortgage. Uransky v. First Fed’l. Savings & Loan Ass’n of Fort Myers, 684 F.2d 750 (11th Cir.1982). First, specific reference in the subsequent advance to the future advance provision in the mortgage would show that the parties intended to secure the note by the prior mortgage. Id, at 756. Alternatively, if the advance and the mortgage are similar types of obligations, or relate to the same transaction, this will be sufficient to show that the parties intended to secure the note by the prior mortgage. Id. Testimonial evidence by the parties to the mortgage and the subsequent note also provides insight into whether the subsequent note was intended to be secured by the future advance clause of the original mortgage.
Here, the July 1991 promissory note specifically set forth that the collateral for the note was various autos and equipment as described in the security agreement. The security agreement listed two motor vehicles, a tractor, a bulldozer and a grader. There was no reference in either the note or the security agreement to the future advance provision of the November 1990 mortgage. Mr. Mustard likewise testified that at the time of the July 1991 transaction with the bank, the bank’s representative would not let him use his land as collateral, that instead, different collateral was used to secure the $60,000 loan. Mustard further testified that there was no agreement to tie the November 1990 mortgage with the July 1991 loan.
The second type of evidence to be considered is whether the July 1991 loan and the November 1990 mortgage are similar kinds of obligations or relate to the same transaction. We find the November 1990 transaction and the July 1991 note are different kinds of obligations, as the latter is secured by different security and was not intended to be covered by the initial mortgage.
The efforts by the bank in June 1996 to document the July 1991 note as a future advance under the November 1990 mortgage *189 is unavailing. It is the intent of the parties at the time of the transaction which is the determining factor. There is no evidence to indicate that in July 1991, it was the intent of either the bank or the Mustards to handle the 1991 $60,000 loan as a future advance.
We find the July 1991 transaction between the Mustards and the bank does not constitute a future advance under the November 1990 mortgage. The July 1991 note was separate and distinct and as such, is not entitled to priority over the Gardners’ judgment lien. The final judgment of foreclosure entered by the trial court is hereby reversed and we direct the trial court to accord the Gardners’ judgment lien priority over the July 1991 note, as well as the June 1996 note.
REVERSED and REMANDED.
GRIFFIN, C.J. and DAUKSCH, JJ., concur.

. Guldi does not cross-appeal the trial court’s determination as to the June 14, 1996 promissory note. Accordingly, we do not address whether the priority given to such promissory note was proper. The only issue raised in this appeal is whether the July 25, 1991 promissory note was secured by the future advance clause of the November 15, 1990 mortgage.