DELBERT E. WILLSEY, ET AL. *v.* ROBERT DAILEY HARTMAN, ET AL.

[No. 1069A171. Filed December 28, 1971.]

*Elmon M. Williams, Frank I. Hamilton, Paul V. Wycoff, Williams & Van Valer,* of Greenwood, for appellants.

*John D. Raikos, Don H. Wickens, Raikos, Melangton, Dougherty & Christ,* of Indianapolis, *Wickens & Wickens,* of Greensburg, for appellees.

WHITE, J.—Appellant Willsey (Contractor), the general contractor for the construction of an office building and parking lot, sub-contracted the parking lot paving to appellee Hartman (sub-Contractor). When sub-Contractor ended his work contractor refused to pay the contract price, contending that there had been a breach resulting in deterioration in the paving. Sub-Contractor filed a mechanic's lien and then brought foreclosure suit. Contractor pleaded as a set-off the expenditure of money he had made to remedy the defect.

Trial without jury resulted in judgment for sub-Contractor, awarding him the full contract price plus attorneys' fees and denying Contractor any set-off. Contractor's timely motion for new trial was overruled and he appeals.

Contractor-appellant contends the trial court erred in the assessment of the amount of recovery in that it was too large and that the decision is not sustained by sufficient evidence.

Appellant has conceded, however, that his appeal is from a negative judgment—the denial of his set-off. This is tantamount to conceding that his sufficiency of evidence contention

is without merit. *Nationwide Mutual Insurance Co.* v. *Day* (1967), 140 Ind. App. 564, 224 N. E. 2d 520, 10 Ind. Dec. 224.

In attempting to make his point that the evidence was without conflict as to his right to a set-off, he points to what he contends is uncontradicted evidence that sub-Contractor failed to meet specifications. But he ignores evidence that the defect in the pavement resulted from inadequate compaction of the parking lot sub-base by the appellant-contractor. We, therefore, cannot say, as we must if we are to reverse this negative judgment, that "the evidence is without conflict and can lead to but one conclusion, and the trial court has reached an opposite conclusion". *Pokraka* v. *Lummus Co.* (1952), 230 Ind. 523, 532, 104 N. E. 2d 669; *Losche & Sons* v. *Williams & Associates* (1948), 118 Ind. App. 392, 395, 78 N. E. 2d 447.

The appellee has made a persuasive plea in his brief for an additional attorney's fee for his attorney's services in this appeal; however, he has petitioned neither this court nor the trial court for such an allowance, nor has he shown us any authority or standard to guide us. On the record as it stands, we cannot grant the additional relief suggested.

Judgment affirmed.

Hoffman, C. J., Sharp and Staton, JJ., concur.

NOTE.—Reported in 276 N. E. 2d 577.