JAMES LIDDLE, JR. *v.* STATE OF INDIANA.

[No. 471S91. Filed July 2, 1973.]

*James L. Brand,* of Greenfield, for appellant.

*Theodore L. Sendak,* Attorney General, *Darrel K. Diamond,* Deputy Attorney General, for appellee.

Givan, J.—Appellant was charged with the crime of theft of property of the value of less than $100. Trial by jury resulted in a verdict of guilty. Appellant was fined $500.

The record reveals the following facts:

On September 30, 1967, James Person was arrested by Indianapolis Police Officers, including Officer James Liddle, Jr., the appellant in this case.

At the time of his arrest Person claimed he had in excess of $20 in his billfold. Officer Liddle searched him, took his billfold from his pants pocket and returned it moments later. Later, when Person examined his billfold, he discovered that $25 was missing. The appellant was accused and stands convicted of taking the money from Person's billfold.

Among the errors claimed by the appellant in this appeal is the contention that the trial court erred in denying appellant's motion to poll the jury concerning their knowledge of an article which appeared in "The Indianapolis Star" on August 26, 1970, concerning appellant's trial. This article contained information which would have been inadmissible at appellant's trial. The article stated that appellant had been charged as an accessory to the shooting of a fellow police officer; that the arrest of another man was delayed fifteen months by the appellant's false alibi and that the defendant had been found not guilty on another charge of theft in the Hancock Circuit Court.

The State concedes that this newspaper article "contained information which may well have been improper for the jury to consider," but claims there was a waiver on the part of the appellant in that he objected to polling the jury to determine if they had been exposed to the article.

An examination of the entire record in this case reveals that when it was first discovered on the morning of the trial that the article was in the newspaper, it was unknown to the appellant and the State as to whether or not any juror had seen the article. At that time in conversation between counsel

and the court, counsel for appellant stated reluctance to bring the matter to the attention of the jury, but asked the court to declare a mistrial simply because of the existence of the article.

At that time the court refused to grant a mistrial in the absence of any showing that any juror had, in fact, seen the article.

Later in the day as the trial progressed, one of the jurors was seen to have in his possession a newspaper containing the questioned article.

At that time counsel for appellant called this fact to the attention of the court and the State, and then made a motion that the jurors be polled as to the extent of their knowledge of the article, which motion was denied by the trial court.

At that time the appellant again renewed his motion for mistrial.

We hold the trial court did not err in refusing appellant's first motion for mistrial at the time when appellant was objecting to the polling of the jurors to determine their knowledge of the newspaper article. However, when it later became apparent that at least one juror had a copy of the newspaper in his possession, the trial court did err in refusing to poll the jury upon appellant's request and to question them concerning any possible bias and prejudice which they may have acquired as a result of the article. It may well be that at that time a proper examination of the jury would have disclosed either that they had not, in fact, read the article or, if they had read the article, it had no influence upon them. However, be that as it may, we cannot at this time say that the appellant had a fair trial leading to his conviction in view of the existence of the article containing information not admissible in his trial and obviously detrimental to him.

We must, therefore, reverse this case and remand it to the trial court for a new trial to afford the appellant the

opportunity of being tried before a jury which has not been unduly influenced by improper newspaper publication. *Lindsey* v. *State* (1973), 260 Ind. 351, 295 N. E. 2d 819, 36 Ind. Dec. 354.

Another question raised by the appellant which we feel might reoccur on a retrial is appellant's claim that the trial court erred in overruling his oral motion for an examination of the competency of State's witness, James Person. In support of his contention in this regard, appellant cites IC 34-1-14-5, BURNS' IND. STAT. ANN., 1968 Repl., § 2-1714, which reads, in part, as follows:

"The following persons shall not be competent witnesses:
"First. Persons insane at the time they are offered as witnesses, whether they have been so adjudged or not."

He also cites *Wedmore* v. *State* (1957), 237 Ind. 212, 143 N. E. 2d 649, and *Antrobus* v. *State* (1970), 253 Ind. 420, 254 N. E. 2d 873, 20 Ind. Dec. 164.

In *Reiff* v. *State* (1971), 256 Ind. 105, 267 N. E. 2d 184, 185, 24 Ind. Dec. 678, 680, this Court stated:

"By making the above statement in *Antrobus* this Court did not mean to imply that every time a defendant requests a psychiatric examination of a witness the request must automatically be granted. The decision rests within the sound discretion of the trial court. In *Antrobus* the court did not conduct a hearing on the request of the appellant, whereas in the case at bar the court conducted a full hearing as to whether or not a psychiatrist should be appointed to examine the witness. It was after this hearing that the court determined the psychiatric examination was unnecessary."

In the case at bar Person had attained only an eighth grade education by age 20, and his mental faculties were clearly not sophisticated. However, the trial court made diligent inquiry into the competency of Person to testify, and in so doing found that an alleged ten year lapse of memory did not exist, and that the witness was not affected by an incident several

years earlier in which he was overcome by carbon monoxide while sleeping in an automobile. After conducting such interrogation, the trial court made the following finding:

> "The Court now holds that it feels there has been no proper foundation laid for the nature of the motion to show any incompetency which would lead this Court to have him examined. We feel that this is delay and it would tend to harass this witness."

Under the circumstances, we feel the trial court did not err in refusing appellant's request for a psychiatric examination of the witness, Person.

The other errors claimed in this appeal are not likely to reoccur on retrial and thus are not discussed in this opinion.

For the reasons above stated, the trial court is reversed and this cause is remanded for a new trial.

Arterburn, C.J., DeBruler, Hunter and Prentice, JJ., concur.

Note.—Reported in 297 N. E. 2d 801.