SAMUEL J. KAGAN *v.* AUTO-TERIA, INC.

[No. 2-674A147. Filed March 8, 1976.]

*Joseph B. Barker, Kagan and Barker,* of Martinsville, for appellant.

*Forrest Bowman, Jr., Martz, Bowman & Kammen,* of Indianapolis, for appellee.

SULLIVAN, J.—Auto-Teria recovered judgment following trial by jury on each of two paragraphs of complaint. The first was upon an account; the second upon a promissory note. Kagan was denied recovery upon his counterclaim which asserted a claim for damages arising out of the alleged malfunction of equipment sold to Kagan by Auto-Teria. All claims between the parties related to a car-wash business operated by Kagan which utilized equipment sold by Auto-Teria.

The sole substantive issue presented for our consideration relates to an in trial ruling by the court in response to a motion by Auto-Teria. That ruling as made from the bench is as follows:

"The Plaintiff's motion to limit is well-taken and will be granted and counsel is limited in not asking questions concerning if other purchasers have made complaints about the functioning of Auto-Teria equipment; and Defendant's counsel is also limited not to ask questions if any other lawsuits have been commenced by others against Auto-Teria, Incorporated arising out of the purchase of such equipment; also that counsel is limited in not asking any questions which would elicit such information as that, since we are only concerned with the equipment that Mr. Kagan bought. Of course, this does not limit as to the equipment he purchased but only as to the equipment others have purchased and would not be material or relevant to this case. Therefore the motion will be granted."

It was Kagan's stated trial purpose to inquire of Auto-Teria whether there had been complaints from other purchasers of similar equipment. Inability to make such inquiry is alleged to have prejudiced Kagan with reference to proof upon his counterclaim. Kagan cites *Farm Bureau Mutual Ins. Co. v. Seal* (1962), 134 Ind. App. 269, 179 N.E.2d 760 for the general proposition that evidence of similar acts or transactions may be admissible. The *Seal* case involved a claim by Farm Bureau, defending against a fraud complaint that it should have been entitled to show prior similar transactions with plaintiff. Kagan further alludes to other authority which indicates that for the purpose of proving that a particular piece of equipment failed to function as warranted, he may show that other machines of like make also failed to perform properly. *See* Anno. 42 A.L.R.2d 780. We need not decide this substantive evidentiary question.

Kagan concedes that admission of such evidence rests largely in the discretion of the trial judge. He argues, however, that by the ruling here attacked, he was prevented from "even attempting to show that there may have been a similarity in conditions between his own equipment and the conditions in which it operated and similar equipment sold by the plaintiff to other customers". Kagan asserts additional prejudicial effect of the ruling in that Auto-Teria presented testimony that the malfunction of the equipment was due to Kagan's failure to use a water conditioner in conjunction with the equipment.

Auto-Teria asserts that the ruling complained of did not preclude Kagan from inquiring into the functioning of equipment sold to persons other than himself, but only from inquiring on cross-examination of Auto-Teria's particular witness whether other purchasers had made complaints about such equipment or had commenced lawsuits against Auto-Teria with respect to such equipment.

Although the Motion as made by Auto-Teria did in fact request that Kagan not be permitted to direct questions con-

cerning complaints about other equipment to that particular witness, it arguably went further by requesting that Kagan be admonished "not to ask any question designed to elicit the information that would be forbidden to be elicited by [questions put to Auto-Teria's witness concerning complaints or lawsuits involving equipment sold to other persons]." And certainly, the ruling of the court was susceptible to a (if not the only) reasonable interpretation that its prohibition extended beyond questions put to that particular witness and beyond complaints or lawsuits initiated by other purchasers. *See Robinson* v. *State* (1974), Ind. App., 309 N.E.2d 833 at 855, *reversed on other grounds,* 262 Ind. 463, 317 N.E.2d 850.

Even so, and without deciding whether evidence of the nature here involved would be admissible under a different procedural posture, we are unable to reverse the judgments entered below because Kagan has not demonstrated, as is his appellate burden, that there was in fact evidence of malfunctioning equipment sold to other persons under circumstances sufficiently similar so as to render such evidence admissible.

We appreciate the understandable reluctance of counsel, once a ruling has been made by the court, to press the issue. If, however, appellate reversal is to be premised upon the absence of evidence which a party was entitled to have submitted to the trier of fact, we must know what that evidence would have been.

Accordingly, when a Motion in Limine is sustained, it behooves the party aggrieved by that ruling to insert into the record some disclosure of what the excluded evidence would have been, whether by way of a formal offer to prove or otherwise. *See Robinson* v. *State, supra,* 309 N.E.2d at 855, footnote 18.

The record before us is devoid of any indication that if Kagan were permitted to explore the testimonial territory forbidden, the court would have been *compelled* to admit that

evidence. While we might speculate that the mere desire to inquire implies admissible evidence of other equipment which malfunctioned, it is equally appropriate to speculate that such inquiry was a mere "fishing expedition".

Under such state of the record, we have no alternative but to affirm the judgments entered below. *See Burrus* v. *Silhavy* (1973), 155 Ind. App. 558, 293 N.E.2d 794 at 798.

Auto-Teria by way of its answer brief, but without citation of authority, seeks an assessment against Kagan of $1500.00 as appellate attorney fees. This request is premised upon the judgment in favor of Auto-Teria upon the promissory note which provided for "reasonable attorney fees". We hereby deny such request.

Buchanan, P.J. and White, J., concur.

NOTE.—Reported at 342 N.E.2d 890.