David LITTLE, Appellant (Defendant Below),

v.

STATE of Indiana, Appellee (Plaintiff Below).

No. 2–1278A419.

Court of Appeals of Indiana, Second District.

Dec. 15, 1980.

---

Gregory L. Caldwell, Noblesville, for appellant.

Theodore L. Sendak, Atty. Gen., Alembert W. Brayton, Deputy Atty. Gen., Indianapolis, for appellee.

SULLIVAN, Judge.

Defendant David Little appeals his conviction of statutory rape.[1] His Motion to

1. I.C. 35–13–4–3 (Burns Code Ed. 1975), repealed by Acts 1976, P.L. 148, § 24, effective October 1, 1977. For savings clause, see Acts 1977, P.L. 340, § 150.

Correct Errors contained the following allegations of trial court error[2]:

1) Exclusion of evidence that the victim, L.K., made prior accusations of sexual misconduct against her which were apparently unfounded;

2) Admission of testimony of L.K.'s mother in that her testimony was hearsay and was cumulative and prejudicial because it was outside the scope of *Patterson v. State* (1975) 263 Ind. 55, 324 N.E.2d 482;

3) Admission of L.K.'s stepfather's testimony regarding sexual acts committed against L.K. in that such testimony was "totem pole" hearsay and inadmissible for any purpose;

4) Admission of written statements of L.K. and her mother;

5) Denial of Defendant's motion for a psychiatric examination of L.K. when evidence of instability available to the court was discovered during trial;

6) Admission of testimony of L.K. and her mother as rebuttal because it was cumulative and repetitious of the State's case–in–chief;

7) Admission of evidence as rebuttal which should have been presented during the State's case–in–chief;

8) Denial of Little's motion for mistrial based on misconduct by the prosecutor during voir dire in suggesting to the jury that Defendant would make pre–emptory challenges;

9) Admission of the examining physician's testimony in that it failed to prove or disprove any material fact directly or circumstantially;

10) Denial of Defendant's motion for mistrial based on prosecutorial miscon-

duct in making unfounded references to Defendant's "depraved sexual instincts" during the course of argument improperly made in the presence of the jury;

11) Denial of Little's motion for mistrial based on prosecutorial misconduct in initiating the warrantless arrest of two State's witnesses and their subsequent release;[3]

12) Denial of Defendant's motion for mistrial due to the cumulative, inflammatory, prejudicial, and illegal misconduct of the prosecutor throughout the trial;

13) Denial of Little's motion for discharge at the close of the State's evidence;

14) Admission of an examining psychometrist's testimony which was improper rebuttal, irrelevant, and immaterial;

15) Denial of Defendant's motions to strike improperly admitted testimony;[4] and

16) Exclusion of testimony of a police officer regarding accusations made by L.K.[5]

For the reasons discussed below, we affirm.

The evidence most favorable to the State indicates that L.K., who was fourteen years of age at the time, met Little on May 26, 1977 at a neighbor's home. Later that afternoon Defendant followed L.K. into one of the bedrooms where she was trying to repair her clothing after rough–housing with certain neighbor children. Little then kissed L.K., touched her chest, and led her through the house into a room in the back of the garage. Defendant pushed L.K. onto a mattress, undressed her, performed cunnilingus and had sexual intercourse with her.

**2.** Other issues are argued in Little's brief. Such matters are waived for failure to include them in the Motion to Correct Errors. *Spivey v. State* (1971) 257 Ind. 257, 263, 274 N.E.2d 227, 230.

**3.** Little's brief and the record indicate that only one of the witnesses had been released at the time of the motion.

**4.** Errors denominated 13), 14), and 15) were not argued in Defendant's brief and are, therefore,

deemed waived pursuant to Ind. Rules of Procedure, Appellate Rule 8.3(A)(7). *See, e. g., Rowley v. State* (1979) Ind., 394 N.E.2d 928.

**5.** While Little does not specifically address this allegation in the argument section of his brief, in the interests of justice, the matter will be discussed later in this opinion in connection with the first alleged error considered.

Subsequently, L.K.'s mother became suspicious and, eventually on June 22, 1977, confronted L.K. L.K. told her mother what had happened. The next day L.K.'s mother took her to the police station to file a complaint and to the hospital for a physical examination.

## I.

Little first alleges that the trial court erred in excluding evidence that L.K. had made apparently false accusations of sexual misconduct regarding others.

Generally, a witness may not be impeached by specific acts, but only by general reputation. *Morris v. State* (1977) 266 Ind. 473, 364 N.E.2d 132, *cert. denied*, 434 U.S. 972, 98 S.Ct. 526, 54 L.Ed.2d 462. An exception to the general rule has been made in some sex offense cases in which the specific act was a prior false allegation of conduct similar to that with which the defendant was charged. *See* Annot., 75 A.L.R.2d 508 (1961). This exception was indirectly recognized by the First District in *Hall v. State* (1st Dist.1978) Ind.App., 374 N.E.2d 62.

*Hall* involved a letter, allegedly written by the victim's father and stepmother, which came into defense counsel's possession the day of trial. The letter indicated that the victim had received psychiatric treatment for her sexual problems and her compulsion to lie. The letter also stated that she had falsely accused others of raping her. Defense counsel was denied a continuance to contact witnesses discovered as a result of the letter. The Court of Appeals determined that potential evidence of false accusations was not excluded by the Rape Shield Law [6]: "[A]ny testimony other than that dealing with the victim's past sexual conduct should have been allowed. In this case, the essence of evidence suggested by the letter goes directly to the victim's credibility, not her history of sexual conduct." *Id.* at 65.

The focus is the falsity of the accusations. We believe that evidence of false accusations of similar sexual misconduct is admissible on the issue of the victim's credibility. The allegations, however, must be demonstrably false. As stated in *State v. Nab* (1966) 245 Or. 454, 459, 421 P.2d 388, 391:

> "It should be observed that the rule . . . does not permit the trial to stray from the central issue of the guilt or innocence of the defendant into a full-scale investigation of charges made by the prosecutrix against other persons. That would be intolerable. The rule is limited to the reception of evidence that the prosecutrix had admitted the falsity of the charges or they had been disproved."

Admission of true accusations of sexual misconduct is prohibited by the Rape Shield Law because they would be evidence of the victim's sexual conduct. To permit reception of evidence which may be true or false would allow circumvention of the Rape Shield Law.

In her statement to police, L.K. asserted that the adult male resident of the house where the incident occurred assisted Defendant in removing her clothes. In court she testified that the neighbor had not aided Little and that she had also lied to her mother in that regard. That evidence was properly admitted.

On cross-examination, Defendant attempted to question L.K. about accusations she had made concerning her stepfather. Little was limited to asking L.K. whether she had falsely accused anyone of raping her. The court, however, did admit testimony of a police officer that L.K. alleged that her stepfather had made a pass at her by saying that he wanted to be "the first" and that she had later recanted. Any error in the exclusion of L.K.'s testimony was rendered harmless by the admission of the police officer's statement. *State v. Bryant* (3d Dist. 1975) 167 Ind.App. 360, 338 N.E.2d 690.

6. I.C. 35-1-32.5-1 to -4 (Burns Code Ed. 1979 & Supp. 1980). The statutes provide that evidence of the victim's past sexual conduct is not admissible except with regard to prior acts with the defendant or to show that someone else committed the act charged.

Defendant sought to introduce the police officer's testimony that L.K. alleged that she had had sexual intercourse with eight other men after the incident with which Little was charged. There was, however, no evidence that these accusations were false. For the reasons stated above, the exclusion was proper.

■ Little also attempted to introduce a written statement made by L.K.'s mother that apparently contained the following language: "She has several problems, most of all sex, she has accused everyone of wanting her. Constantly, something to do with boys." The statement was excluded and Defendant was not permitted to question the mother about the accusations. The statement is not included in the record. Little, has, therefore, waived the issue of its admissibility. *Meeker v. Robinson* (1st Dist. 1977) Ind.App., 370 N.E.2d 392; *see Kagan v. Auto–Teria, Inc.* (2d Dist. 1976) 168 Ind. App. 314, 342 N.E.2d 890. In an offer to prove, L.K.'s mother stated that, if anyone paid attention to L.K., she would say, "I think he wants me." L.K.'s subjective belief that others desired her, no matter how erroneous, does not constitute a false allegation of sexual misconduct; there is no element of conduct. We cannot say that the trial court erred in its exclusion of the testimony.

## II.

The next three allegations of error, relating to the admission of certain evidence, are grouped together in Little's brief and will be considered likewise on appeal.[7]

■ Defendant maintains that the court erred in allowing L.K.'s mother to relate what her daughter told her about the incident with Little and to repeat a conversation she had with the neighbors. Defendant, however, made no objection at trial to the admission of the testimony. Therefore, any error is waived. *See Stubblefield v. State* (1979) Ind., 386 N.E.2d 665.

■ Little failed to object either to the testimony of L.K.'s stepfather that his wife told him about the incident or to certain terms the witness used in referring to Defendant. He preserved no error for review. *See Stubblefield v. State, supra.*

■ Little maintains that the court should have excluded the written statements of L.K. and her mother made for police because they were unnecessarily repetitive. The admission or exclusion of cumulative evidence is within the sound discretion of the trial court. *Pierce v. State* (1970) 253 Ind. 650, 256 N.E.2d 557. Although the statements were similar to the testimony, the versions differed to some extent. We cannot say that the trial court abused its discretion.

■ Defendant argues that the admission of testimony recounting what L.K. told other witnesses amounted to an abuse of the principle enunciated in *Patterson v. State, supra*, 263 Ind. 55, 324 N.E.2d 482. In essence, *Patterson* held that an out–of–court statement is admissible as substantive evidence if the declarant is available for cross–examination. We are aware of the opinion of the Indiana Supreme Court indicating that *Patterson* has been misapplied in those cases in which the principle has been employed to permit admission of out–of–court statements as a substitute for available in–court testimony. *Samuels v. State* (1978) 267 Ind. 676, 372 N.E.2d 1186. Nevertheless, a more recent Supreme Court case, *Buttram v. State* (1978) Ind., 382 N.E.2d 166, held that testimony of several witnesses, who stated that the victim told them the defendant had committed the act in question, was admissible pursuant to *Patterson* and its progeny. Under the circumstances we cannot say that the *Patterson* principle was abused.

## III.

After the trial court refused to admit the statement of L.K.'s mother discussed in Is-

---

7. This section of Defendant's brief attacks the admission of the testimony of L.K.'s stepfather *in one line. The section on prosecutorial mis-* conduct alleges in more detail that the prosecutor erred in calling the stepfather as a witness.

sue I., Little requested that pursuant to *Easterday v. State* (1970) 254 Ind. 13, 256 N.E.2d 901 L.K. undergo a psychiatric examination to determine whether she had mental or emotional problems with regard to sexual fantasies. L.K. had already testified and had been cross–examined. The trial court took the matter under advisement, but the record does not indicate that the motion was ever ruled upon.

A psychiatric examination would have been desirable in this case. *See Easterday v. State, supra.* A motion for a psychiatric examination, however, must be made before the witness' testimony enters the record. *Binder v. State* (1966) 248 Ind. 30, 221 N.E.2d 886. Further, no error can be shown on appeal if the trial court does not rule on the motion. *Minton v. State* (1978) Ind., 378 N.E.2d 639; *Jaudon v. State* (1970) 255 Ind. 114, 262 N.E.2d 851; *Colvin v. Bowen* (3d Dist. 1980) Ind.App., 399 N.E.2d 835. Thus, there is no merit in this issue.

### IV.

The two allegations of error based on reception of rebuttal evidence will be considered together.

During the rebuttal testimony of L.K.'s mother, Little made no objection on the grounds that her testimony was cumulative, repetitious, or improper rebuttal. The basis of error asserted on appeal must be the same as that urged at trial. *See Strickland v. State* (1977) 265 Ind. 664, 359 N.E.2d 244. No issue as to the mother's rebuttal testimony is presented for review.

Defendant objected to two questions asked L.K. on the basis that they were cumulative and repetitive: "What did happen?" (referring to May 26, 1977) and "In relation to that time of June the 12th, 1977, did you have occasion to go to bed with him in or about that time, two other times, besides May 26th?" Testimony of those issues had been elicited during the State's case–in–chief. The admission of cumulative evidence is within the trial court's discretion. *Tessely v. State* (1978) 267 Ind.

445, 370 N.E.2d 907. In this instance we find no abuse of discretion.

Little urges that the trial court erred in permitting the State to present in rebuttal evidence which should have been presented during its case–in–chief. The Motion to Correct Errors, however, does not specify the evidence improperly admitted. Ind. Rules of Procedure, Trial Rule 59(D)(2) states in pertinent part: "Each claimed error shall be stated in specific rather than general terms, and shall be accompanied by a statement of the facts and grounds upon which the errors are based." The allegation of error is too vague to preserve any question for review. *See Guardiola v. State* (1978) 268 Ind. 404, 375 N.E.2d 1105.

In his brief, Little refers us to the rebuttal testimony of L.K.'s stepfather and two of her sisters. We find, however, no objection at trial that any of the testimony should have been, but was not, presented during the State's case–in–chief.

At trial Little objected to certain testimony by two of these witnesses on the basis that it was repetitive and cumulative. In light of the above waiver, we see no need to set forth the specific questions, and, in any event, do not find that the trial court abused its discretion in permitting such testimony.

In his brief Defendant asserts that the State raised collateral matters through the testimony of four witnesses. A collateral matter is one which the State could not have raised during its case–in–chief. *See Bryant v. State* (1973) 261 Ind. 172, 301 N.E.2d 179. By definition, then, Little did not state this issue in his Motion to Correct Errors. This question is not before us for review. *Spivey v. State, supra,* 274 N.E.2d at 230.

### V.

Little alleges that several matters constituted prosecutorial misconduct.

Defendant first asserts that the prosecutor's comment: "We pass the jury for cause." made during voir dire forced him to accept the jury rather than use his

remaining pre–emptory challenges. The record does not include a transcript of the voir dire proceeding. Therefore, any error is waived. *See Stevenson v. State* (2d Dist. 1974) 162 Ind.App. 222, 318 N.E.2d 573. Furthermore, we fail to see how the comment, if made, would have forced Little to accept the jury. Moreover, Defendant does not contend that he would, in fact, have challenged any of the jurors in the absence of any such comment.

In his brief Little maintains that the prosecutor improperly called the examining physician as a witness because he knew that the doctor could not state with whom or when L.K. might have had intercourse and "could not even , say with certainty that [she] had ever had intercourse." (Brief for Appellant at 29.) The calling of the physician as a witness was neither objected to at trial nor specified in the Motion to Correct Errors. This issue may not be raised for the first time on appeal. *Spivey v. State, supra*, 274 N.E.2d at 230.

■ After the doctor testified that the examination revealed that L.K.'s hymen was not intact, the prosecutor asked whether the rupture was possibly due to the penetration of a penis. Defense counsel objected and asked the following preliminary question: "[I]s it possible to a reasonable mathematical certainty, to determine whether, or not, that patient had ever had sexual intercourse?" The prosecutor objected to the preliminary question on the basis that it did not relate to the previous inquiry. The trial court agreed, and overruled Defendant's objection. The doctor then answered affirmatively. During cross–examination the physician testified other vigorous physical activity possibly could have caused the rupture.

Our Supreme Court has said: "A doctor's testimony can only be considered evidence when he states that the conclusion he gives is based on reasonable medical certainty

that a fact is true or untrue." *Palace Bar, Inc. v. Fearnot* (1978) Ind., 381 N.E.2d 858, 864. *Cf. Beaman v. Hedrick* (1970) 146 Ind.App. 404, 255 N.E.2d 828. Therefore, the rulings were in error. Not all error, however, warrants reversal. *See Adams v. State* (1946) 224 Ind. 472, 69 N.E.2d 21. In light of all of the circumstances we conclude as a matter of law that no reasonable juror would have found that L.K. had had sexual intercourse solely on the basis of the physician's testimony. Therefore, Little was not prejudiced and the error was harmless. *See Mitchell v. State*, (1972) 259 Ind. 418, 287 N.E.2d 860.

■ Little complains of the prosecutor's repeated use of the phrase "depraved sexual instincts," particularly with regard to him.[8] In his brief, Defendant fails to note the pages of the record where use of the phrase could be found. Although such failure could be considered to waive the issue under A.R. 8.3(A)(7), we have searched the record and discovered that the court struck the comment and admonished the jury in those instances in which Little objected. An admonishment is presumed to cure prosecutorial misconduct. *Hubbard v. State* (1974) 262 Ind. 176, 313 N.E.2d 346. As to those references to which he did not object at trial Little may not now assert error. *Burgett v. State* (2d Dist. 1974) 161 Ind. App. 157, 314 N.E.2d 799.

■ During the course of the trial, two of the State's witnesses were arrested for perjury committed in this case. They were arrested during the court's weekend recess by a police officer who was also a witness in the case. Little contends that a mistrial should have been declared because it could not be determined whether the jurors knew of the arrests without informing them of that fact. The trial court offered to question the jurors as to whether they were aware of anything that had happened to

---

8. In sex offense cases, it has been held that evidence of similar sex crimes is admissible to show the defendant's "depraved sexual instincts." *Grey v. State* (1980) Ind., 404 N.E.2d 1348; *Lawrence v. State* (1972) 259 Ind. 306, 286 N.E.2d 830; *Gilman v. State* (1972) 258 Ind.

556, 282 N.E.2d 816. Nevertheless, the use of the phrase "depraved sexual instincts" might tend to inflame the passions of the jurors and arguments on the admissibility of such evidence should be conducted outside the jury's presence.

any witness subsequent to testifying. Defendant did not want to pursue that course and made no later request that the jury be questioned. Having failed to avail himself of this corrective action, Little may not now base error on his speculations. *See Liddle v. State* (1973) 260 Ind. 548, 297 N.E.2d 801.

Defendant maintains that other witnesses were aware of the arrests and may have slanted their testimony against him because they feared similar reprisals by the State. The record indicates only knowledge on the part of the arresting officer. Little's argument is entirely too speculative to warrant consideration.

Finally, Defendant alleges error due to the cumulative, inflammatory, prejudicial and illegal misconduct of the prosecutor throughout the trial. He points to no incidents other than those already discussed. For the reasons stated above, this argument is without merit.

The judgment of the trial court is affirmed.

BUCHANAN, C. J., and SHIELDS, J., concur.