**INDIANA HOSPITAL LICENSING, COUNCIL, Appellant-Plaintiff,**

v.

**WOMEN'S PAVILION OF SOUTH BEND, INC., Appellee-Defendant.**

**No. 3-979A247.**

Court of Appeals of Indiana, Fourth District.

Aug. 12, 1981.

Linley E. Pearson, Atty. Gen., Michael Schaefer, Asst. Atty. Gen., Indianapolis, for appellant-plaintiff.

Sanford M. Brook, Amiral & Brook, South Bend, Roy Lucas, Lynn I. Miller,

Louis R. Stern, Lucas & Miller, Washington, D.C., for appellee-defendant.

MILLER, Judge.

## ON APPELLANT'S PETITION FOR REHEARING AND ON APPELLEE'S PETITION FOR TRIAL AND APPELLATE FEES UNDER 42 U.S.C. § 1988

Our decision in this cause is reported in 420 N.E.2d 1301 and was rendered May 28, 1981. In that opinion we affirmed the trial court's determination that application of certain licensing statutes and regulations to first trimester abortion clinics was constitutionally impermissible. Indiana Licensing has petitioned this court for rehearing and Pavilion, the prevailing party on appeal, moved in this court on June 16, 1981, for a supplemental order on remand directing an award of attorneys' fees under 42 U.S.C. § 1988.

## THE PETITION FOR REHEARING

We deny Indiana Licensing's petition except insofar as it requests correction of an error in footnote no. 4 of our decision. In that footnote, which purported to give some informational background on a matter not then before us on appeal, we indicated the trial court, in ruling on Pavilion's Motion to Correct Errors, had granted Pavilion's claim for litigation expenses under 42 U.S.C. § 1988.[1] We misread a document in the record, containing a ruling awarding fees after a motion to correct errors, as pertaining to this case. That document, however, awarded fees in another case and was submitted as an exhibit to Pavilion's Motion to Correct Errors which requested similar relief. We appreciate the parties' efforts to draw our attention to this error and hereby correct our decision to reflect the trial court's denial of Pavilion's Motion to Correct Errors on this issue. Indiana Licensing's Petition for Rehearing is denied in all other respects.

## PAVILION'S PETITION

We are also presented with Pavilion's petition, filed after our decision in which Pavilion was the prevailing party, for trial and appellate attorneys' fees under 42 U.S.C. § 1988. We find Pavilion is entitled to appellate fees but has waived its right to trial fees.

The Civil Rights Attorney's Fees Awards Act of 1976, amending 42 U.S.C. § 1988, provides in relevant part: "In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985 and 1986 of this title, . . . the court, in its discretion, *may allow the prevailing party*, other than the United States, a reasonable attorney's fee as part of the costs." (Emphasis added.) The legislative history of this Act and virtually all of the case law require an award of attorneys' fees to a prevailing party as a matter of course, unless "special circumstances" would render such an award unjust. *E.g., New York Gaslight Club v. Carey*, (1980) 447 U.S. 54, 100 S.Ct. 2024, 64 L.Ed.2d 723. An award of fees under § 1988 is not meant as a punitive measure, but is grounded in legislative recognition of the need to encourage assertion of fundamental constitutional and statutory rights and to attract counsel sufficiently competent to deal with the intricacies of such suits. *Maher v. Gagne*, (1980) 488 U.S. 122, 100 S.Ct. 2570, 65 L.Ed.2d 653. Indiana Licensing does not dispute Pavilion would normally be entitled to fees under the statute, but contends it has waived the issue by failing to cross-appeal. Pavilion, in the trial court, requested counsel fees in its counterclaim which raised 42 U.S.C. § 1983 claims. As explained above, the trial court denied such fees both in its judgment and in its ruling on Pavilion's Motion to Correct Errors. Indiana Licensing appealed the trial court's judgment but Pavilion did not raise a fee issue in its appellate brief. This issue as to trial counsel fees was therefore waived under Ind. Rules of Procedure, Appellate Rule 8.3(A)(7).

---

1. The action in the trial court was brought by Indiana Licensing to force Pavilion to comply with a licensing statute. Pavilion's answer and counterclaim raised the substantive issues on which it later prevailed in both the trial court and in this court. In its counterclaim it also requested litigation expenses which were denied.

However, we do not find Pavilion has waived their entitlement to fees for this appeal. Certainly no claim for appellate fees was included in Pavilion's request at the trial level, and an award of appellate fees at the trial level would not have been appropriate given the necessity, under the provisions of § 1988, for a judgment in Pavilion's favor on appeal before its right to fees arose. *See Broderick v. Denbo*, (1981) Ind.App., 422 N.E.2d 1334 (party was justified in waiting until a ruling by this Court on its petition for substitution of party before filing motion to dismiss an issue on appeal although the latter motion was filed on eve of handdown). Under § 1988, Pavilion is entitled to fees for *"any action"* in which it prevails, including proceedings on appeal, on remand and in resolution of the fees issue itself. Furthermore, *from a review of the authorities, we find* appellate courts routinely, under the circumstances now before us, either order an award for a specified amount or remand the cause after affirmance solely for a determination of the amount of appellate fees. *E.g., McManama v. Lukhard*, (4th Cir. 1980) 616 F.2d 727; *Lange v. Nature Conservan-*

cy, (1979) 24 Wash.App. 416, 601 P.2d 963. Indiana Licensing does not suggest such a procedure is inappropriate[2] and, consistent with our jurisdiction over the entire cause while on appeal, *e.g., Logal v. Cruse*, (1977) 267 Ind. 83, 368 N.E.2d 235, *cert. denied* (1978) 435 U.S. 943, 98 S.Ct. 1523, 55 L.Ed.2d 539 we find Pavilion's petition was appropriately filed and it is entitled to attorneys' fees incurred in defense of this appeal and on remand. Since the trial court is in a better position to determine the amount of an award[3] and to conduct a hearing if necessary, we remand to the trial court for resolution of this issue. We direct the trial court's attention to *Bond v. Stanton*, (7th Cir. 1980) 630 F.2d 1231 for guidance in this regard.

CHIPMAN, P. J., and YOUNG, J., concur.

---

**2.** Indiana Licensing points out that at least one jurisdiction has viewed the issue of attorneys' fees as an integral part of the case and thereby imposed the same time limits on an application for attorney's fees as existed for a motion to amend the judgment. *Hirschkop v. Snead*, (E.D.Va.1979) 475 F.Supp. 59. We note a split in the federal circuits on this issue with the Seventh Circuit viewing such a petition as a collateral matter. *Bond v. Stanton*, (7th Cir. 1980) 630 F.2d 1231. In any event, the appeal in the current case is pending before this Court until disposition of Appellant's Petition For Rehearing.

**3.** Conceivably, Pavilion could have accompanied its petition for fees with supporting affidavits which might have permitted us in our discretion to award such fees. *See Blessum v. Howard County Board of Supervisors*, (1980) Iowa, 295 N.W.2d 836. However, no such documentation has been presented.