Clyde F. PARRISH, Shirley H. Parrish, John A. Roshel, Jr., William G. Kessel, Clifford G. Schultz, Betty L. Schultz, Kenneth E. Borders, Irene R. Borders, Robert G. Clouse, and Bonnidell A. Clouse, Appellants-Defendants,

v.

TERRE HAUTE SAVINGS BANK, An Indiana Corporation, Appellee-Plaintiff.

No. 1–181A31.

Court of Appeals of Indiana, Fourth District.

July 26, 1982.

Robert A. Hutchens, Patrick Gabbert Wilkinson Goeller & Modesitt, Terre Haute, for appellants-defendants.

Arnold H. Brames, Brames, Bopp & Haynes, Terre Haute, for appellee-plaintiff.

MILLER, Presiding Judge.

## ON PETITION FOR REHEARING

This cause was originally decided on February 9, 1982 and reported at 431 N.E.2d 132. In that decision, we found certain shareholders liable on a $75,000 promissory note but reversed and remanded on the issue of trial attorney fees due to insufficient evidence. Both the Appellants-Shareholders and Appellee-Bank have filed petitions for rehearing. Specifically, the Bank alleges there was sufficient evidence to support the jury's award of attorney fees for trial, ($5,000) and requests clarification of our decision to remand for a determination of a reasonable fee. Both parties also request a determination of the Bank's entitlement to appellate attorney fees pursuant to the Bank's petitions [1] filed in this Court on appeal. We affirm our reversal on the issue of trial attorney fees with instructions on remand to hold a jury trial on this issue unless both parties stipulate to the contrary. We also grant the Bank's petition for appellate fees. The petitions for rehearing are denied in all other respects.

*Trial Attorney Fees*

The Bank's counsel argues there was sufficient evidence at trial for the jury properly to determine reasonable attorney fees, and therefore contends we are in error in reversing the jury's award of such fees in the amount of $5,000. We wish to emphasize, however, that the issue presented for our review concerns not merely attorney fees, but rather *reasonable* attorney fees. Counsel presented the jury with some evidence of what his fees were in this case. He presented no evidence as to whether these fees were reasonable.

In *U.S. Aircraft Financing, Inc. v. Jankovich*, (1980) Ind.App., 407 N.E.2d 287, we disapproved counsel's attempt to establish the reasonableness of his fees by evidence amounting to merely a self-serving statement concerning his total fee. The client testified that he was billed a specific amount. That statement was the only evidence on the subject. In the case before us we must reiterate that a statement by a bank officer concerning how much the bank's attorney charged the Bank for his services is insufficient to show the reasonableness of his fees for purposes of a jury determination on this issue.

The Bank next requests us to clarify our intention when we remanded the case for a determination of reasonable attorney fees incurred at the trial level. The Bank asks whether this determination on remand need be made by a jury, or can it instead be decided by the trial judge. We direct the parties' attention to Ind. Rules of Procedure, Trial Rule 39. It reads in relevant part:

"When trial by jury has been demanded as provided in Rule 38, the action shall be designated upon the docket as a jury action. Issues upon which a jury trial is so demanded shall be tried by jury, subject to the following exceptions:

(1) If the parties or their attorneys of record, by written stipulation filed with the court or by oral stipulation made in open court and entered in the record, consent to trial by the court sitting without a jury upon any or all issues triable

---

1. The Bank first petitioned for fees incurred in its appellate brief; its second petition sought additional fees for rehearing.

by jury as of right and so demanded, the court shall try those issues without a jury. The stipulation shall be effective only if filed or made in court before evidence is admitted at the trial or at such later time as the court, in its discretion, may allow.

(2) If a party demands a jury trial on any issue upon which he is entitled to jury trial as of right in the case, the court shall grant it on that issue."

■ Appellants-shareholders have demanded a jury trial. The fact that we have remanded this case does not take that right away from them. A jury trial must be had on this issue unless both parties consent by stipulation to trial without a jury, as provided by the rule. The Bank further inquires whether the same jury should be empaneled to hear and determine the amount of fees due. T.R. 39 does not impose that requirement. The first jury has been discharged and has separated. A new one must be empaneled for such purpose.

*Appellate Fees*

The Bank further claims it is entitled to appellate attorney fees totaling $9,184.88, pursuant to its verified petitions filed with this Court. These petitions are appropriately supported by detailed time sheets and affidavits attesting to the reasonableness of the fees.

■ It is well settled that one is entitled to attorney fees when provided for by statute *or* contract. *Trotcky v. Van Sickle,* (1949) 227 Ind. 441, 85 N.E.2d 638; *Cox v. Ubik,* (1981) Ind.App., 424 N.E.2d 127; *Honey Creek Corp. v. WNC Development Co.,* (1975) 165 Ind.App. 141, 331 N.E.2d 452; 20 C.J.S. *Costs* § 218 (1940). Recently, in *Templeton v. Sam Klain & Son, Inc.,* (1981) Ind., 425 N.E.2d 89, a mechanic's lien case, our Supreme Court held that a statutory provision for "reasonable attorneys fees," Ind.Code 32–8–3–14, must include fees for services on appeal: "A reasonable fee for the prosecution of the claim and foreclosure of the lien alone would not be a

reasonable fee for those services plus the defense of the judgment on appeal." *Templeton v. Sam Klain & Son, Inc., supra* at 95. In the instant case we are dealing with an identically worded provision, albeit contractual, for "reasonable attorney's fees." The purpose of attorney fee clauses in security agreements, such as promissory notes, is to make the holder *whole* in the event court action is necessary to vindicate collection rights. *Motor Dispatch Inc. v. Buggie,* (1978) Ind.App., 379 N.E.2d 543. Where the disappointed maker of a note pursues, and loses, in appellate proceedings, legal expenses incurred by the holder of the note defending the judgment on appeal are also reasonably necessary to protect collection rights. We know of no rationale for any distinction between the scope of a statutory and a contractual provision for "reasonable attorneys fees." We must therefore conclude the contractual provision in the instant case authorizes an award for both trial and appellate fees.

■ Moreover, *Templeton v. Sam Klain & Son, Inc., supra,* supports the procedure adopted by the Bank in requesting appellate fees by separate petition when filing its appellee's brief. In *Templeton* our Supreme Court found a petition filed in the trial court *after* the overruling of the motion to correct error was timely filed. It additionally cited with approval language from *Willsey v. Hartman,* (1971) 150 Ind. App. 485, 487, 276 N.E.2d 577, 578–79 which suggested a petition in either the trial court or this Court would be appropriate. Under these authorities we conclude the Bank's petition was timely filed.

We additionally find the Bank is entitled to an appellate attorney's fee in the amount of $9,184.88. This amount is uncontested and well-documented. The petitions are accompanied by supporting affidavits, incorporating detailed time sheets, including an affidavit by the bank's counsel who attested to $50 per hour as a "fair, reasonable, customary and usual fee in this community" for similar services.[2] The opposition to

2. The *Code of Professional Responsibility*, DR 2–106(B)(3) lists "[t]he fee customarily charged

in the locality for similar legal services" as a

these petitions by appellants consists solely of a challenge to the propriety of including appellate attorney fees pursuant to a contractual provision under Indiana law. Although the appellants have had ample opportunity, they have failed to object or call our attention to any factors indicating these fees are unreasonable. If there had been an adversary position taken on this issue, we would have preferred to remand the matter to the trial court to determine the amount of reasonable appellate fees. Since no such position has been taken, we hereby award the Bank $9,184.88 appellate fees.

Other issues raised by both parties have been fully discussed in our original opinion and shall not be addressed here. We affirm our original holding in all respects.

CONOVER and YOUNG, JJ., concur in part and dissent in part.

CONOVER, Judge, concurring in part and dissenting in part.

I concur in the majority's holding regarding trial fees. However I dissent from its ruling regarding appellate attorney's fees. While I agree with the Bank that many states now routinely allow appellate attorneys' fees, *see, e.g., Steele v. Vanderslice,* (1961) 90 Ariz. 277, 367 P.2d 636; *Cirimele v. Shinazy,* (1955) 134 Cal.App.2d 50, 285 P.2d 311, Indiana case law does not support such recovery. *Kagan v. Auto-Teria, Inc.,* (1976) 168 Ind.App. 314, 342 N.E.2d 890; *Honey Creek Corp. v. WNC Development Co.,* (1975) 165 Ind.App. 141, 331 N.E.2d 452; *Willsey v. Hartman,* (1971) 150 Ind. App. 485, 276 N.E.2d 577; *McCormick v. Falls City Bank of Louisville,* (C.C.D.Ind. 1893) 57 F. 107.

In *McCormick v. Falls City Bank of Louisville, supra,* appellee requested attorneys' fees on recovery of a debt founded upon a promissory note. There the Circuit Court for the District of Indiana stated:

"The collateral note on which the judgment in this court was rendered contained a stipulation for the payment of attorneys' fees. This stipulation, under the firmly settled law of this state, was valid. When the bank took judgment in this court on the collateral note, there was included in the judgment the sum of $200 as a reasonable attorneys' fee for the collection of the same. The stipulation for attorneys' fees contained in the note was merged in that judgment. The fact that the judgment was appealed from and affirmed gives no right or claim for the recovery of additional attorneys' fees. The amount of attorneys' fees in all such cases is settled by the judgment of the trial court once for all. *Holmes v. Hinkle,* 63 Ind. 518."

The court went on to note "the parties presumably put into the note and contract their entire agreement and understanding on the subject of attorneys' fees and expenses." Based upon a theory that the attorneys' fees merged in the trial judgment, the circuit court denied appellee's petition for additional fees.

In *Honey Creek Corporation v. WNC Development Company, supra,* we adopted the circuit court's reasoning in *McCormick.* The contract provision at issue in *Honey Creek* allowed for an award of attorneys' fees. Attorneys' fees were granted to the WNC Development Company at trial, and on appeal WNC petitioned this court to allow additional attorneys' fees for the expense of defending the appeal. In response we held under the theory of merger set forth in *McCormick* there was no right to a recovery of additional fees.

Appellee Bank argues the rule set forth in *Honey Creek* was effectively overruled by our decision in *Indiana Hospital Licensing v. Womens' Pavilion,* (1981) Ind.App., 424 N.E.2d 461 (opinion on rehearing), and *Templeton v. Sam Klain and Son, Inc.,* (1981) Ind., 425 N.E.2d 89. We disagree with appellee's contention, however, as both cases are distinguishable from the issue before us.

In *Indiana Hospital* the Indiana Hospital Licensing Council appealed a decision of the trial court refusing to enjoin a first trimes-

guide for determining the reasonableness of a fee.

ter abortion clinic from operating without a prescribed license. The Court of Appeals affirmed, 420 N.E.2d 1301, and on petition for rehearing Pavillion requested appellate attorneys' fees under 42 U.S.C. § 1988. We held that Pavillion was entitled to appellate fees under the Civil Rights Attorneys' Fees Awards of 1976 which amended 42 U.S.C. § 1988. The statute provides in part: "In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title, ... the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorneys' fee as part of the costs." We stated, "(u)nder § 1988, Pavillion is entitled to fees for 'any action' in which it prevails, including proceedings on appeal, or remand, and in resolution of the fees issue itself." The legislative history of § 1988 exemplifies a recognition of the need to encourage assertion of fundamental constitutional and statutory rights and to attract counsel sufficiently competent to deal with the intricacies of such suits. *Maher v. Gagne*, (1980) 448 U.S. 122, 100 S.Ct. 2570, 65 L.Ed.2d 653; *Indiana Hospital, supra*, at 462.

Since *Indiana Hospital* deals strictly with interpretation of § 1988, and the allowance of costs therein, we should not extend its holding to set forth a general rule concerning appellate attorneys' fees.

*Templeton v. Sam Klain & Son, Inc.* likewise deals with a specific statute interpreted as allowing appellate attorneys' fees. In *Templeton*, Sam Klain & Sons recovered judgment and attorneys' fees in its suit upon a mechanics lien held under Ind.Code § 32–8–3–1 (Burns 1973). Ind.Code 32–8–3–14 allowed "reasonable attorneys' fees" in pursuance of such a suit. According to our Supreme Court's interpretation of Ind.Code 32–8–3–14 "reasonable attorneys' fees" in recovery of a mechanics lien includes those fees incurred in the successful defense of judgment on appeal.

Both cases set forth by appellee-Bank as overruling *Honey Creek* fail to address the issue of appellate attorneys' fees based on a promissory note. In *Honey Creek* we said, "the right to recover attorneys' fees does

not exist in the absence of a statute or some agreement." *Id.* at 459.

While the parties in the present case contracted for "reasonable attorneys' fees," we have nothing in the record by which we may ascertain whether they intended that phrase to refer only to that amount necessary to recover judgment at trial, or whether they intended to include fees incurred on appeal. In the absence of clear evidence to the contrary we are bound to follow *Honey Creek*, wherein we said:

"We believe that counsel should be paid a fair and adequate amount for the work done in the representation of clients. However under the law in Indiana as heretofore determined, we are constrained to hold W. N. C.'s petition for additional attorneys' fees which were occasioned by this appeal must be and is hereby denied."

Finally, I dissent because this Court should not fix fees on appeal. That matter is solely for the trial court after a full and fair hearing.

The trial court is ideally positioned both by geographical and practical experience to determine the reasonable value of an attorney's services for appeal work in Clay County after a hearing on that subject. Clearly, we are not at this stage of the proceedings. There is no statewide standard or norm for making that determination. It is a local question and should be answered locally, as is the case at the trial level.

We are marching into a quagmire from which it will be difficult to extricate ourselves in the future by adopting this procedure.

Here, the majority would grant appellate fees based upon the Bank's petition and the affidavit of its attorney without our offering appellants an opportunity to be heard. Granted they filed no response to appellees' petition for fees, but that should not prevent them from having a hearing on the subject, as is the case when a trial court fixes fees.

Further, how many times are the courts on appeal to entertain petitions for appel-

late fees? Even this segment of the appeal is not now concluded, so far as the attorneys' work thereon is concerned. Appellants may now file a petition to transfer which, if granted, will require the expenditure of additional time for which counsel is entitled to be paid, according to the majority. The procedure here adopted will return to haunt us in the future. Such determinations are for the trial court at the conclusion of *all* proceedings on appeal after a *full* and fair hearing.

I would deny the appellee-Bank's request for attorneys' fees in the first instance and remand the case to the trial court for determination of attorney fees on appeal at the conclusion of all matters incident to this appeal, if appellate fees are to be allowed at all.

YOUNG, Judge, concurring in part and dissenting in part.

I agree with Judge Miller that appellate attorney fees are appropriate and should be awarded in this case. However, I disagree with the majority's original conclusion that the cause should be remanded for the determination of trial attorney fees (see my dissent 431 N.E.2d at 139). I would, therefore, grant the Bank's Petition for Rehearing and affirm the trial court's judgment awarding trial attorney fees.